On October 17, 1975 the court issued the following order:
Before SkeltoN, Judge, Presiding, Kasiixwa and KuNzig, Judges.
“In this military pay case, plaintiff, a terminated AUS Major, comes before the court with a petition seeking three alternative remedies: (1) reinstatement and retroactive promotion with appropriate back pay; (2) records correction and nullification of promotion passovers and (3) declaration of a right to enlist in the Army. Defendant moves to dismiss each count because it asserts that plaintiff has failed to state a claim for relief. Alternatively, defendant requests that we order plaintiff to amend his records correction count to include a claim for reinstatement and money damages should we decline to dismiss this count.
“Upon consideration of the briefs and without oral argument, we grant defendant’s motion to dismiss the retroactive *1040 promotion, and right to enlistment counts. We deny defendant’s motion to dismiss the records correction count at this time. We grant plaintiff an additional thirty (30) days to amend his petition to include a demand for reinstatement and money damages in connection with the records correction count. If plaintiff fails so to amend, the defendant’s motion to dismiss this count will be granted.
“Absent unique circumstances, this court declines to inter-venein the promotion process. Clinton v. United States, 191 Ct. Cl. 604, 423 F. 2d 1367 (1970). Plaintiff’s pleadings demonstrate that his promotion claim is not based upon a “clear legal entitlement.” Thus we grant defendant’s motion to dismiss the retroactive promotion count.
“In addition, the power to accept applications for enlistment is one within the discretion of the ¡Secretaries of the Armed Services. 10 U.S.C. § 505 (1970). Just as there is no “vested right” to reenlist in the Armed Services absent a statute to the contrary, Austin v. United States, 206 Ct.Cl. 719 (1975), there is no “vested right” to enlist. Therefore we grant defendant’s motion to dismiss plaintiff’s “right to enlistment” claim.
“Clearly in order to obtain jurisdiction over an action, this court must be presented with a money damage claim. Kirby v. United States, 201 Ct. Cl. 527, 537 (1973), cert. denied, 417 U.S. 919 (1974). Plaintiff’s second count seeking records correction and nullification of two promotion pass-overs fails to include such a claim. We could dismiss plaintiff’s records correction count. However, the petition’s deficiency may be due to a pleading oversight. Moreover, we note that count (1) did include a claim for back pay. Therefore, while we deny defendant’s motion to dismiss count (2) at this time, we grant its alternative motion to require amendment of the petition to include a claim for reinstatement and money damages. If plaintiff fails so to amend his petition, we must dismiss for failure to state a claim within the court’s jurisdiction. Kirby v. United States, supra.
“it is herebv ordered that without oral argument, defendant’s motion for an order dismissing the retroactive promotion and right to enlistment counts for plaintiff’s failure to state a claim for relief is hereby granted with prejudice.
*1041 “it is further ordered that defendant’s motion for an order dismissing the records correction count for plaintiff’s failure to state a claim for relief is hereby denied without prejudice. Plaintiff is granted thirty (30) days time in which to amend the records correction count to include a claim for money damage.* Upon the expiration of such time and the failure of plaintiff to offer such amendment, defendant’s motion for an order dismissing the records correction count will be granted with prejudice without further action by the court.”

 On November 17,1975 plaintiff filed a first amended petition.