This military pay case is before the court on defendant’s motion for summary judgment. Defendant’s grounds are failure to state a claim upon which relief may be granted, laches, and that the agency action complained of must be affirmed as a matter of law. However, although the parties do not consider it, we choose to dispose of the case on the question of subject matter jurisdiction. See Ct. Cl. Rule 38(h)(2).
Plaintiff alleges that he had served in the United States Marine Corps for over 18 years and had attained the rank of gunnery sergeant when he was refused reenlistment and subsequently honorably discharged on September 10, 1976. Plaintiff does not allege that he was discharged before the term of his enlistment expired and it seems from the papers before us that he did finish his term. Plaintiff claims that the refusal to let him reenlist was wrongful and sues here for back pay and retirement pay. However, the claim as alleged falls squarely within the holding of Austin v. United States, 206 Ct. Cl. 719, cert. denied, 423 U.S. 911 (1975), that we have no jurisdiction over claims for refusal of reenlistment absent some special provision of law giving a right to reenlist. Plaintiff has not cited any such special provision. Thus, the petition must be dismissed for lack of jurisdiction.
IT IS THEREFORE ORDERED that the petition is hereby dismissed. This dismissal shall be with prejudice unless plaintiff files an amended petition within thirty (30) days showing that we have jurisdiction over his claim. The *984 amended petition must comply with our Rules, particularly Rule 35, which requires the clear citation of the Act of Congress upon which the claim is founded, and should show whether plaintiff was a member of the Regular Marine Corps or of the Reserves when he was refused reenlistment.
it is further ordered that defendant’s motion for summary judgment is denied without prejudice to its renewal should plaintiff file an amended petition. [Plaintiff did not file an amended petition.]