Plaintiff in this case served three tours of duty with the United States Marine Corps between 1969 and 1979. He was denied permission to reenlist for a fourth tour of duty, and he appeals that decision to this court. We find that we have no jurisdiction of the case.
Plaintiffs first two tours of duty ended with a general and an administrative discharge, respectively, and in both cases reenlistment ratings of RE-4, not recommended for reenlistment. He nevertheless successfully reenlisted for a third tour of duty in 1976. As that tour of duty came to a close in 1978, he sought and received two extensions of his enlistment - to complete his high school diploma and to dispute a proposed third RE-4 rating - and received an additional extension relating to a medical report. When he finally was separated from the service on January 26,1979, he received an honorable discharge and a rating of RE-3C, not to be reenlisted except with permission of the Commandant of the Marine Corps. Plaintiff attempted to reenlist on February 13, 1979, but on June 1, 1979, the Commandant denied permission to reenlist pursuant to the RE-3C rating. Plaintiff then filed suit in this court.
This court has no jurisdiction of a claim for money damages under 28 U.S.C. §1491 (1976) unless the statute relied upon can fairly be interpreted as mandating compensation for the damage sustained by the plaintiff. Eastport Steamship Corp. v. United States, 178 Ct. Cl. 599, 607, 372 F.2d 1002, 1009 (1967). The statute authorizing reenlistment, 10 U.S.C. §508(b) (1976), is permissive, not mandatory. It creates no right to reenlist and cannot fairly be interpreted, therefore, as mandating compensation. See O’Callahan v. United States, 196 Ct. Cl. 556, 561-62, 451 F.2d 1390, 1393 (1971). The Marine Corps regulations covering reenlistment, Marine Corps Order P 1040.31A, are also discretionary. While it is undisputed that plaintiff failed to meet at least two of the prerequisites for reenlist *889 ment set out in the regulations, we could not grant him relief in any case because we have no jurisdiction.
Plaintiffs case is completely controlled by Austin v. United States, 206 Ct. Cl. 719, cert. denied, 423 U.S. 911 (1975).
This rule that back pay is confined to the current enlistment-in the absence of a mandatory right to reenlist-puts [plaintiffs] demand beyond our power to remedy. By various legal proceedings he delayed his actual discharge * * * beyond the scheduled end of his enlistment * * *. He was in fact paid to the later date and therefore now has no money claim against the Government. [Footnote omitted.]
Id. at 724. See also Savio v. United States, 207 Ct. Cl. 1039 (1975); Thompson v. United States, 221 Ct. Cl. 983 (1979).
Because we can grant no relief except on a provision of law which mandates compensation, plaintiffs claims based on denial of due process under the fifth amendment, on retaliation for exercise of first amendment rights, and on racial discrimination are also beyond our jurisdiction. Plaintiffs claim based on defamatory statements in the record sounds in tort and so is placed beyond our jurisdiction by 28 U.S.C. §1491.
it is therefore ordered that, on the parties’ cross-motions for summary judgment, and after opportunity for oral argument, plaintiffs cross-motion is denied, defendant’s motion for summary judgment is granted, and the petition is dismissed for want of jurisdiction.