This is an action under the Contract Disputes Act of 1978, 41 U.S.C. § 609(a)(1) (Supp. IV 1980), challenging a decision of a contracting officer that rejected a claim for additional compensation under a contract between the plaintiff and the United States Army Corps of Engineers. Both parties have moved for summary judgment. We dismiss the petition because, under our recent decisions in Paul E. Lehman, Inc. v. United States, 230 Ct. Cl. 11, 673 F.2d 352 (1982), and W.H. Moseley Co. v. United States, 230 Ct. Cl. 405, 677 F.2d 850, cert. denied 459 U.S. 836 (1982), the failure of the plaintiff to certify its claim before the contracting officer bars us from entertaining it.
The plaintiff and the government had a dispute over the meaning of a particular requirement in a construction contract. The government ordered the contractor to do work which, according to the plaintiff, the contract did not require it to perform. The plaintiff sought additional *708 compensation for the work, but the contracting officer, the Board of Contract Appeals, and this court held against the plaintiffs interpretation of the contract. Troup Bros. v. United States, 224 Ct. Cl. 594, 643 F.2d 719 (1980).
Following our decision in that case, the plaintiff filed with the contracting officer a claim for $130,440.12 for extra costs. It did not certify the claim, as section 6(c)(1) of the Contract Disputes Act, 41 U.S.C. § 605(c)(1) (Supp. IV 1981), requires for claims of more than $50,000. The contracting officer rejected the claim, ruling that it was the same claim that had been denied in the previous case. The contractor then filed the present suit under the Contract Disputes Act, in which it challenges the decision of the contracting officer.
In Lehman, we held that "unless a claim has been properly certified, it cannot be considered under the statute,” and that unless the "[certification] requirement is met, there is simply no claim that this court may review under the Act.” 230 Ct. Cl. at 16, 673 F.2d at 355. We declined to consider whether the lack of certification was prejudicial in the particular case, since "Congress has determined that certification is necessary for there to be a valid claim under the Act.” Id. at 16, 673 F.2d at 356. Finally, we deemed it immaterial that, despite the lack of certification, the contracting officer considered and rejected the claim on the merits, on the ground that the contracting officer "had no authority to waive a requirement that Congress imposed.” Id. at 17, 673 F.2d at 356. We therefore dismissed the petition.
In Moseley, we reaffirmed Lehman and added that a contractor could not avoid the effect of its failure to certify by certifying retroactively after the contracting officer had rendered his final decision.
Lehman governs this case, and there is no basis for distinguishing it. Both there and here, (1) the contract was entered into before the effective date of the act, (2) the claim was filed after the effective date of the act, (3) the claim was uncertified although it was for more than $50,000, and (4) despite the lack of certification, the contracting officer decided the claim on the merits. Moreover, here, as in Moseley, the plaintiff cannot cure the *709 defect, as it apparently proposes to do, by now retroactively certifying the claim.
The plaintiffs motion for summary judgment is denied, the defendant’s motion for summary judgment is granted, and the petition is dismissed.