**JOSEPH MORTON CO., INC.**

v.

**The UNITED STATES.**

No. 107–82C.

United States Claims Court.

July 12, 1983.

John B. Tacke, Washington, D.C., for plaintiff; Hudson, Creyke, Koehler & Tacke, Washington, D.C., of counsel.

Richmond I. McKay, with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## OPINION

MEROW, Judge:

This matter comes before the court on defendant's motion for summary judgment, as opposed by plaintiff, together with defendant's motion for leave to file an amended answer and counterclaim, and plaintiff's motion to stay a ruling on this motion to amend.

The basic issue presented by the pending motions is whether plaintiff's right to perform a construction contract with the United States Department of Agriculture (USDA) was correctly terminated on March 28, 1979, for plaintiff's default. In its petition filed March 1, 1982, under the provisions of the Contract Disputes Act, 41 U.S.C. §§ 601, 609, plaintiff seeks a determination converting the default termination to one for the convenience of the government. By its motion for summary judgment, defendant seeks, in part,[1] a determination sustaining the default action taken. By its motion to amend, defendant seeks to add a counterclaim covering excess reprocurement costs and breach of contract damages.

### Background

In 1976 plaintiff entered into a contract with the USDA to construct certain buildings at the Plum Island Animal Disease Center located on Plum Island, New York. The contract price, after an initial amendment, totaled $10,689,000. Notice to proceed was issued on October 14, 1976. During performance the government encountered numerous problems with plaintiff resulting in the issuance of several cure notices. In March 1979, plaintiff's right to perform the contract was terminated for default after plaintiff had received progress payments in excess of $8 million.

Between December 30, 1976 and August 12, 1977, plaintiff had submitted "cost breakdowns" regarding a change order No. 2 under its contract which required revisions in an exhaust air filter system. In August 1980, plaintiff, its president and sole shareholder (Joseph Battaglia) and an employee (Samuel Semble) were indicted on criminal fraud charges stemming from the cost breakdown submissions submitted with respect to change order No. 2.

---

1. Defendant also seeks a determination of forfeiture under 28 U.S.C. § 2514. Given the result reached in this opinion, it is not necessary to consider this issue.

Following an extensive jury trial, plaintiff, Joseph Battaglia and Samuel Semble were convicted, in April 1981, of one count of conspiracy to make false statements and to defraud the United States (18 U.S.C. § 371), and three counts of making false statements (18 U.S.C. § 1001). Mr. Battaglia and plaintiff were also convicted of one count of obstructing justice (18 U.S.C. § 1503). Plaintiff was fined and Mr. Battaglia and Mr. Semble were fined and imprisoned. The convictions were affirmed on January 11, 1982 by the United States Court of Appeals for the Second Circuit.

*Discussion*

Defendant argues for summary judgment sustaining the default action on the contract, not on the asserted performance deficiencies which formed the basis for the contracting officer's decision of March 28, 1979, but on plaintiff's fraud conviction stemming from its false cost submissions on change order No. 2. Plaintiff opposes summary judgment, arguing that a conviction for the submission of false documentation in connection with a single change order on a large contract does not permeate the entire transaction such as to support a default termination.

[1] It is settled law that a contract termination can subsequently be defended on the basis of an adequate cause for such termination which existed at the time, even if then unknown. *College Point Boat Corp. v. United States,* 267 U.S. 12, 15–16, 45 S.Ct. 199, 200–201, 69 L.Ed. 490 (1925); *Pots Unlimited, Ltd. v. United States,* 220 Ct.Cl. 405, 410, 600 F.2d 790, 793 (1979).

■ A contractor which engages in fraud in its dealings with the government on a contract has committed a material breach justifying a termination of the entire contract for default. *United States v. Acme Process Equipment Co.,* 385 U.S. 138, 87 S.Ct. 350, 17 L.Ed.2d 249 (1966); *see K & R Engineering Co. v. United States,* 222 Ct.Cl. 340, 616 F.2d 469 (1980); *Northern*

*Helex Co. v. United States,* 207 Ct.Cl. 862, 868, 524 F.2d 707, 709, *cert. denied,* 429 U.S. 866, 97 S.Ct. 176, 50 L.Ed.2d 146 (1976). Had plaintiff's fraud, which predated the termination, been established at the date of the termination, it would have sustained a default termination. *United States v. Acme Process Equipment Co., .supra.* Under the doctrines of *res judicata* and collateral estoppel, the fact that plaintiff committed fraud in its performance of the Agriculture Department construction contract has been established by its criminal conviction. *Emich Motors Corp. v. General Motors Corp.,* 340 U.S. 558, 569, 71 S.Ct. 408, 414, 95 L.Ed. 534 (1951).

As there can be no material dispute of fact concerning plaintiff's fraudulent performance activity on the Agriculture Department contract, the default termination action taken by the contracting officer must be sustained, albeit not on the bases stated by the contracting officer.[2]

*Motion to Amend Answer to Assert Counterclaim*

■ By its motion filed May 24, 1983, defendant seeks leave to amend its answer to assert a counterclaim for excess costs and breach of contract damages. Defendant notes that this action was not taken previously because plaintiff had filed a chapter XI bankruptcy action in the United States Bankruptcy Court for the Eastern District of New York which raised issues as to an automatic stay of proceedings under 11 U.S.C. § 362. Defendant indicates that the bankruptcy proceeding was dismissed on April 8, 1983.

Plaintiff seeks a stay of proceedings so as to permit it to respond to defendant's motion to amend 20 days after the court enters a ruling on defendant's motion for summary judgment. Defendant opposes the stay so requested by plaintiff.

Upon a review of the submissions it is concluded that plaintiff should be permitted

---

**2.** If it were necessary, on appeal from the contracting officer's decision, to resolve the issues concerning plaintiff's asserted performance de-

ficiencies, extensive pretrial and trial proceedings would undoubtedly be required.

to assert whatever basis it may have to oppose defendant's proposed amendment, given the result reached here on defendant's motion for summary judgment. *See Southern Construction Co. v. Pickard,* 371 U.S. 57, 83 S.Ct. 108, 9 L.Ed.2d 31 (1962); *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–31, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971).

### Conclusion

Plaintiff's petition seeks only relief from the default termination of its Agriculture Department construction contract in the form of the conversion of the termination to one for the convenience of the government with a resulting price adjustment. As the default termination of this contract is hereby sustained, and so remains in effect, defendant is entitled to a judgment dismissing plaintiff's petition. However, entry of this judgment shall be deferred to await the conclusion of proceedings concerning the counterclaim defendant proposes to plead. Accordingly, it is ORDERED that on or before August 1, 1983 plaintiff shall file its response to defendant's motion to amend, filed May 24, 1983.