The HALEC CONSTRUCTION
COMPANY, INC.

v.

The UNITED STATES.

No. 165–84C.

United States Claims Court.

Oct. 19, 1984.

ORDER ON PLAINTIFF'S MOTION
FOR RECONSIDERATION AND
TO AMEND THE COMPLAINT

PHILIP R. MILLER, Judge.

In the opinion dated September 12, 1984 (not published), this court held that plaintiff's failure to properly certify its claim of $153,313.80 to the contracting officer pursuant to 41 U.S.C. § 605(c)(1) deprived the court of subject-matter jurisdiction over this controversy. Plaintiff now moves the court to reconsider this decision and allow it to amend its complaint so as to delete the claim for money damages. The amended complaint would ask the court for a ruling that the contracting officer's decision to terminate the plaintiff's contract for default (irrespective of the amount of plaintiff's damages triggered by it) was improp-

er because it violated the automatic stay provision of the Bankruptcy Code (11 U.S.C. § 362(a)). The proposed deletion of the claim for damages is designed to bypass the jurisdictional requirement that claims in excess of $50,000 must be certified to the contracting officer.

■ Plaintiff asserts that the court has jurisdiction to determine the propriety of the default termination under the "direct access" provision of the Contract Disputes Act of 1978. (41 U.S.C. § 609(a)(1).) This provision gives the Claims Court jurisdiction to hear appeals of a contracting officer's final decision. Implicit in § 609, however, is the requirement that the decision being appealed has met all of the requirements of § 605. Unless these requirements are satisfied, there is no claim upon which a contracting officer can render a valid decision. *Fidelity Constr. Co. v. United States*, 700 F.2d 1379, 1384 (Fed. Cir.1983). The submission of an uncertified claim for damages in excess of $50,000 is·a legal nullity, since the contracting officer does not have authority to waive the jurisdictional requirements. *Id.; Paul E. Lehman, Inc. v. United States*, 230 Ct.Cl. 11, 17, 673 F.2d 352, 356 (1982).

■ Plaintiff asserts that this court would have jurisdiction over its claim in the amended complaint, which deletes the claim for damages and asks only that the court set-aside the default termination. However, plaintiff also states that the minimum it believes it is entitled to if the termination is not upheld is the $153,313.80 claimed in the original complaint, which is the amount of retainages still withheld by the government. Thus, when it submitted its claim to the contracting officer, plaintiff knew that its claim was for a sum in excess of $50,000. Therefore, the claim should have been certified pursuant to § 605(c).

■ If plaintiff were successful in reversing the contracting officer's decision to default terminate the contract, then under the terms of the contract plaintiff would be entitled to damages as calculated under the termination for convenience of the government clause. Thus, the monetary damage claim is inseparable from the claim that the default was improper. Plaintiff should not be able to circumvent the certification requirement of § 605(c)(1) through the use of this subterfuge.

For the foregoing reasons, plaintiff's motion for reconsideration and motion to amend the complaint are hereby denied.