**BERNA GUNN-WILLIAMS, Trading as Scrupples Janitorial Services**

v.

**The UNITED STATES.**

**No. 665–83C.**

United States Claims Court.

Dec. 7, 1984.

Stephen J. Johnson, Vienna, Va., for plaintiff.

Joseph T. Casey, Jr., Washington, D.C., with whom was Acting Asst. Atty. Gen., Richard K. Willard, Washington, D.C., for defendant.

## OPINION

YOCK, Judge.

This contract case comes before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction in accordance with Rule 12(b)(1) of the U.S. Claims Court Rules. In particular, the defendant asserts that the plaintiff, Scrupples Janitorial Services, in seeking to convert the Government's default termination into a termination for convenience has failed to submit a claim to the contracting officer pursuant to section 6(a) of the Contract Disputes Act of 1978, 41 U.S.C. § 605(c)(1) (1982). Further, since the plaintiff's claim is for over $50,000, the defendant argues that the plaintiff must certify that claim with the contracting officer pursuant to section 6(c)(1) of the Contract Disputes Act. For the reasons set forth below, the defendant's motion to dismiss is granted, with the plaintiff's complaint to be dismissed without prejudice.

### Facts

On May 2, 1983, the plaintiff was awarded a contract by the United States Department of the Army, Baltimore District, Corps of Engineers, for the provision of custodial services at Fort Myer, Arlington, Virginia. Prior to the contract award, the plaintiff had been performing these janitorial services upon the basis of Government purchase orders.

On May 12, 1983, the Government hand-delivered a ten-day cure notice to the plaintiff, informing the company that it was failing to furnish contractually required supplies, equipment for employee use, and daily janitorial services in certain barracks and administrative buildings. The plaintiff acknowledged receipt of this cure notice by letter on May 23, 1983, and asserted that it had "taken the necessary steps to better services in a more timely fashion." Apparently, the Government remained unsatisfied with the plaintiff's performance. However, it was unable to terminate the contract, since the May 12, 1983, cure notice was based upon performance rendered by the plaintiff before the contract was awarded.

Accordingly, on July 7, 1983, the Government issued a second ten-day cure notice for allegedly continued deficient service during the period of the contract in question. Although several attempts were made to deliver this notice to the plaintiff by U.S. registered mail, the notice was

never actually received by the plaintiff until July 22, 1983.

On July 22, 1983, the contracting officer sent the plaintiff a telegram which immediately terminated the contract at issue for default. Thereafter, the Government contracting officer issued a final decision on July 27, 1983, confirming the default termination and noting that: (1) the termination was taken pursuant to contract clause GP-8, *Default*; (2) the plaintiff therefore would be liable for excess costs incurred by the defendant as well as any other rights and remedies provided by law under the contract; and (3) the decision represented the contracting officer's "final decision," upon which the plaintiff could appeal to the Armed Services Board of Contract Appeals or to the U.S. Claims Court.

On November 4, 1983, the plaintiff filed a direct access suit in the U.S. Claims Court, seeking to convert the Government's termination for default into a termination for convenience with appropriate termination costs. In support thereof, the plaintiff alleges that the cure notice was improper and that, in any event, it was meeting its obligations under the contract. As a result, the plaintiff seeks damages in the amount of $131,796.05, representing payment allegedly due pursuant to the contract provisions regarding termination for convenience. As an attachment to the complaint, the plaintiff submitted an undated, unquantified and unsupported "certification" that its claim against the Government was made "in good faith, that the supporting data are accurate and complete to the best of my knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which Scrupples believes the Government is liable." On January 13, 1984, the Government filed a motion to dismiss for lack of subject matter jurisdiction. The plaintiff has filed a brief in opposition and the defendant has replied.

## Discussion

■ In order to bring a direct access action to this Court under the Contract Disputes Act of 1978, the plaintiff must have: (1) presented a written and properly certified claim to the Government contracting officer, and (2) obtained a final decision by that contracting officer on the claim. *Thoen v. United States*, 5 Cl.Ct. 823, 825 (1984); *Milmark Services, Inc. v. United States*, 231 Ct.Cl. 954, 956 (1982). *See also Troup Bros. v. United States*, 231 Ct.Cl. 707 (1982); *White Plains Iron Works, Inc. v. United States*, 229 Ct.Cl. 626 (1981); *Paragon Energy Corp. v. United States*, 227 Ct.Cl. 176, 645 F.2d 966 (1981).

Specifically 41 U.S.C. § 605(a) in pertinent part states:

All claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision.

In addition, 41 U.S.C. § 605(c)(1) requires that:

For claims of more than $50,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable.

This Court has consistently interpreted the certification provision of the Contract Disputes Act as requiring the furnishing of such a certificate, by the contractor, in order for this Court to acquire direct access jurisdiction over a contract claim exceeding $50,000. *T.J.D. Services, Inc. v. United States*, 6 Cl.Ct. 257, 260 (1984). *Palmer & Sicard, Inc. v. United States*, 4 Cl.Ct. 420, 422 (1984); *Conoc Constr. Corp. v. United States*, 3 Cl.Ct. 146, 148 (1983); *Metric Constr. Co. v. United States*, 1 Cl.Ct. 383, 389 (1983); *Arlington Alliance, Ltd. v. United States*, 231 Ct.Cl. 347, 357, 685 F.2d 1353, 1359 (1982). *Accord, W.M. Schlosser Co. v. United States*, 705 F.2d 1336 (Fed. Cir.1983); *Skelly and Loy v. United States*, 231 Ct.Cl. 370, 685 F.2d 414 (1982); *W.H. Moseley Co. v. United States*, 230 Ct.Cl. 405, 677 F.2d 850 (1982); *Paul E. Lehman, Inc. v. United States*, 230 Ct.Cl.

11, 673 F.2d 352 (1982); *Folk Constr. Co. v. United States*, 226 Ct.Cl. 602 (1981).

 Moreover, the contracting officer must have issued his final decision, on the properly certified claim(s), before this Court acquires direct access jurisdiction over the claim(s). In this regard, 41 U.S.C. § 609(a) provides that:

> (1) Except as provided in paragraph (2), and in lieu of appealing the decision of the contracting officer under section 605 of this title to an agency board, a contractor may bring an action directly on the claim in the United States Claims Court, notwithstanding any contract provision, regulation, or rule of law to the contrary.

> \* \* \* \* \* \*

> (3) Any action under paragraph (1) or (2) shall be filed within twelve months from the date of the receipt by the contractor of the decision of the contracting officer concerning the claim, and shall proceed de novo in accordance with the rules of the appropriate court.

Thus, until a final decision has been rendered by the contracting officer, the plaintiff has not exhausted his administrative remedies. *Tri-Central, Inc. v. United States*, 230 Ct.Cl. 842, 845 (1982). The linchpin for appealing claims under the Contract Disputes Act is the contracting officer's final decision. *Paragon Energy Corp. v. United States, supra*, 227 Ct.Cl. at 177, 645 F.2d at 967 (1981). *See also Conoc Constr. Corp. v. United States, supra*, and *Paul E. Lehman, Inc. v. United States, supra.*

The plaintiff, however, while acknowledging that any claim by a contractor against the Government must first be presented to the contracting officer for a final decision and that when such a claim exceeds $50,000 in value that it must be certified in accordance with the Contract Disputes Act, argues that the Government's termination for default is itself a claim by the Government upon which a final decision has already been issued. In particular, the plaintiff relies on the following language in the Contract Disputes Act:

> All claims by the government against a contractor relating to a contract shall be the subject of a decision by the contracting officer. The contracting officer shall issue his decision in writing.

41 U.S.C. § 605(a). Accordingly, the plaintiff alleges that it is merely exercising its right of appeal of that final decision by seeking to convert the termination for default into a termination for convenience so that the Court can award it its contractually allowed costs for a termination for convenience. The plaintiff stresses that a review of the termination for default will necessarily determine whether the termination should properly be characterized as a termination for convenience and, if properly the latter, that this Court may simply proceed to award termination for convenience costs to the plaintiff of approximately $131,796. Therefore, the plaintiff maintains that neither a contracting officer's final decision on its termination costs nor its certification of the amount in question are necessary to confer jurisdiction on this Court.

 The plaintiff, however, is mistaken in this view. In filing her termination for convenience complaint with this Court, the plaintiff has gone beyond merely defending against the Government's termination for default. The plaintiff, in her complaint, has stated categorically that she is entitled to a determination that the Government terminated her contract for convenience, rather than for default, and that such a determination is worth approximately $131,795. In this Court's view, the plaintiff has thus filed an affirmative claim. Since it is an affirmative claim for over $50,000, the plaintiff is required, under the Contract Disputes Act, to certify and to submit the claim to the contracting officer for a final decision before filing a direct access case in this Court. Two decisions of this Court have recently so held, and this Court agrees with their analysis. *Z.A.N. Co. v. United States*, 6 Cl.Ct. 298, 306–07

(1984); *Halec Constr. Co. v. United States,* 6 Cl.Ct. 439 (1984).

■ At oral argument, the plaintiff attempted to alleviate the jurisdictional impediment by offering to strike the demand in the complaint for money damages, *i.e.,* approximately $131,796. However, just as that approach was unsuccessful with this Court in the *Halec* case, it is equally unavailing here. The monetary damage element of the plaintiff's claim is inseparable from the termination for convenience liability element of the plaintiff's claim. It is this Court's view that to allow a separation of these two elements of the plaintiff's one claim would be to uncouple the engine from the train. At the very least, it would result in a waste of judicial time and effort. Also, and much more important, it would violate the underlying rationale of the Contract Disputes Act, in that it would foreclose the contracting officer from reviewing the plaintiff's claim in its entirety. The Contract Disputes Act never envisioned such piecemeal consideration by the contracting officer of the plaintiff's claim.

■ The proper course of action—for a contractor whose case is dismissed for lack of jurisdiction—is the following: (1) properly certify the claim; (2) resubmit the certified claim to the contracting officer; (3) if there is then an adverse contracting officer's decision, appeal either to the board of contract appeals (41 U.S.C. § 606) or directly to this Court (41 U.S.C. § 609). *Skelly and Loy v. United States, supra,* 231 Ct.Cl. at 377, 685 F.2d at 419.[1]

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss is granted, with the plaintiff's complaint to be dismissed without prejudice.

1. In view of the Government counsel's acknowledgement of the proper and equitable manner in which this case should be handled in the event this Court granted the Government's motion to dismiss, the Court has decided to grant the motion, without prejudice, on the assumption that the Government contracting officer will waive the contract time period for the presentation of contract termination claims.