**John McENIRY,**

v.

**The UNITED STATES.**

No. 253–84C.

United States Claims Court.

March 15, 1985.

John J. Maguire, Little Neck, New York, for plaintiff.

Victor B. Maddox, Washington, D.C., with whom were Acting Asst. Atty. Gen. Richard K. Willard, Director David M. Cohen, and Asst. Director Sandra P. Spooner, Washington, D.C., for defendant. Major Joyce E. Peters, Washington, D.C., of counsel.

## OPINION

LYDON, Judge:

This case involves defendant's refusal to permit plaintiff's reenlistment into the United States Army Reserve. The court is presented with defendant's motion to dismiss the case based on a lack of subject matter jurisdiction or in the alternative its

1. The administrative record was filed with the court pursuant to the Court's October 18, 1984, order granting defendant's motion to file said record.

motion for summary judgment. In response, plaintiff filed his opposition to defendant's motion to dismiss, along with a cross-motion for summary judgment. Plaintiff maintains that defendant's actions in denying his reenlistment were in violation of both due process standards and applicable regulations. After reviewing the submissions of both parties, the administrative record[1] and pertinent case law, the court, without oral argument, concludes that it lacks subject matter jurisdiction in this case and thus plaintiff's complaint must be dismissed.

### I.

Plaintiff enlisted in the United States Army on January 27, 1954. On January 12, 1957, plaintiff was honorably discharged and he transferred to the United States Army Reserve. Plaintiff served in an active status in the Army Reserve from 1957 through 1974, with a series of consecutive enlistments, each proceeded by an honorable discharge. Beginning in 1974, plaintiff served three consecutive 1-year extensions of a 3-year enlistment entered into on December 2, 1971. These 1-year extensions brought his term of enlistment to December 1, 1977. On May 23, 1977, plaintiff again reenlisted for another 3-year term.

Throughout plaintiff's service in the Army Reserve he was assigned primarily to the 307th General Hospital in New York City. He generally served as a chief ward master at the hospital, and during his career he achieved the grade of master sergeant. At the time of plaintiff's 1977 reenlistment he had served in the Army Reserve for over 20 years.

During plaintiff's last enlistment period his records were submitted to a qualitative retention board (board) pursuant to Army Regulation (AR) 135–205 (1978).[2] The re-

2. The purposes and scope of the Enlisted Qualitative Retention Program are set out in AR 135–205, ¶ 4–1. The pertinent purposes and scope as set out in that section are as follows:
   b. The qualitative retention program applies to ARNG and USAR troop program unit en-

tention board, which initially reviewed plaintiff's records, convened on November 3, 1979. It is clear that, due to plaintiff's 20 years of service in the Army Reserve, AR 135–205 ¶ 4–1(b) required that plaintiff's records be reviewed biennially to determine "retention potential and acceptability for reenlistment or extension of enlistment."

Prior to the board's review of plaintiff's records, plaintiff was given notice of the pending review and offered an opportunity to review his file and make any necessary comments. AR 135–205 ¶ 4–6(b)(2). Plaintiff declined to so review his files because they were held at the 307th General Hospital where he was assigned to do his reserve service, and he refused to travel to the hospital to review these records without pay. Plaintiff's regular job was with the New York City Police Department.

The board reviewed plaintiff's records and recommended that he not be retained. This recommendation was set out in a report dated November 9, 1979. This report was approved by Major General Frederick ·J. Sheer, Commander of the 77th USAR-COM, as required by AR 135–205 ¶ 4–8. Plaintiff was notified of his non-selection for retention in a letter dated November 17, 1979. This letter advised plaintiff of his right to appeal the board's decision as provided for in AR 135–205 ¶ 4–11.

During the pendency of plaintiff's appeal, his 1977 enlistment was voluntarily extended for an additional year. This extension made May 22, 1981 the termination date of plaintiff's enlistment period. In a notice dated March 26, 1981, the Army informed plaintiff of his eligibility for retirement pay, upon application, at age 60 based on more than 20 years of qualifying military service. This notice is pertinent because AR 135–205 ¶ 4–9 provides in relevant part: "No member will be removed from an active status under the provision of this regulation until notification of his eligibility for retired pay at age 60 has been issued."

On April 29, 1981 plaintiff's appeal of the board's decision was denied. In denying plaintiff's appeal, it was determined that the board had acted in "a fair and impartial manner" and that plaintiff had provided "no evidence indicating that an injustice or prejudicial error [had] occurred." After the denial of plaintiff's appeal he was transferred from the 307th General Hospital to the United States Army Reserve Control Group (retired) in St. Louis, Missouri, on May 13, 1981. This transfer date coincided approximately with the end of plaintiff's extended enlistment period.

On January 8, 1982, plaintiff filed an application for correction of military records with the Army Board For Correction Of Military Records (ABCMR) seeking reinstatement to the status of an active reservist. He claimed that he had been treated unfairly. He alleged that the board "was influenced and acted with prejudice." He also claimed that he had not been allowed to view his file prior to the board's review thereof. He also asserted that his records contained inaccuracies and a derogatory letter of which he was not aware, and he claimed that several letters of commendation had been removed from his file. Plaintiff also reiterated his implication that his problems surrounding his injury, suffered in 1974, had prejudiced his chances of remaining in the Army Reserves.

listed personnel with 20 or more years of qualifying service for retired pay, without regard to race, color, religion, sex, or national origin. It provides for a biennial review of military personnel records pertaining to all members with the required service to determine retention potential and acceptability for reenlistment or extension enlistment.

4–2. Objective. A continuing program of selective retention is essential to provide for progression of qualified enlisted personnel at proper intervals in their careers. This program will—

a. Ensure that only the best qualified members are retained beyond 20 years of qualifying service for assignment to the comparatively few senior noncommissioned officer positions.

b. Provide career incentive.

c. Ensure an opportunity for advancement to the higher grades at the peak years of an enlisted member's effectiveness.

After considering plaintiff's submissions, his record, staff advisory opinions on the matter, and the pertinent statutes and regulations the ABCMR concluded on May 18, 1983:

1. That the nonselection of the applicant for retention as an active Reservist was accomplished in a fair and impartial manner in conformance with regulatory requirements at the time.

2. That the applicant's many allegations are completely unsupported by any material evidence.

3. That the foregoing conclusions are concurred in by the comments and opinions made by TJAG and OCAR on 15 April 1983 and 3 May 1983, respectively.

4. That the applicant has furnished no evidence which would justify his reinstatement in the Army Reserve as an active Reservist.

5. That in view of the foregoing conclusions, and in the absence of error or injustice, there appears to be no basis for the correction of records as requested.

DETERMINATION: The applicant has failed to submit sufficient relevant evidence to demonstrate the existence of probable material error or injustice to warrant a formal hearing.

Plaintiff submitted a letter dated August 14, 1983, which was treated by the ABCMR as a request for reconsideration of its decision. On February 8, 1984, the ABCMR again denied plaintiff's application. Plaintiff subsequently filed his complaint in this court on May 18, 1984.

## II.

■ Defendant contends in its motion to dismiss that the court lacks subject matter jurisdiction on plaintiff's claim. Defendant bases its contention on the fact that plaintiff's demand for relief requests primarily reinstatement to his prior grade in the Army Reserves. Defendant asserts that plaintiff's only claim for monetary relief is incidental to his request for reinstatement in that he is only seeking pay and other benefits from the date that the Army refused to permit him to reenlist. After a review of the facts provided and pertinent case law, the court agrees that it has no jurisdiction.

The Claims Court is a court of limited jurisdiction. 28 U.S.C. § 1491(a)(1) states in pertinent part that this court "shall have jurisdiction to render judgment upon any claim against the United States...." Such a claim against the United States has been limited to requests for money damages. *See United States v. King*, 395 U.S. 1, 3–4, 89 S.Ct. 1501, 1502–1503, 23 L.Ed.2d 52 (1969); *Austin v. United States*, 206 Ct.Cl. 719, 723, *cert. denied*, 423 U.S. 911, 96 S.Ct. 215, 46 L.Ed.2d 140 (1975); *Eastport S.S. v. United States*, 178 Ct.Cl. 599, 605, 372 F.2d 1002, 1007 (1967). As the Court of Claims in *Austin v. United States, supra*, stated:

We may not give any relief unless 'the plaintiff has paid money over to the government, directly or in effect, and seeks return of all or part of that sum; ... [or he alleges] that the particular provision of law relied upon grants claimant, expressly or by implication, a right to be paid a certain sum.' [206 Ct.Cl. at 723 (citing *Eastport S.S. v. United States, supra*, 178 Ct.Cl. at 605, 372 F.2d at 1007) ].

■ It is clear that a plaintiff's primary claim must be one for monetary relief before this court can assert jurisdiction over the claim. *See United States v. Testan*, 424 U.S. 392, 397–98, 96 S.Ct. 948, 952–53, 47 L.Ed.2d 114 (1976); *United States v. King, supra* 395 U.S. at 3–4, 89 S.Ct. at 1502–1503. However, the court does have some authority to enter declaratory judgments in specified circumstances, or to grant affirmative nonmonetary relief if it is associated with and subordinate to a monetary claim. *Austin v. United States, supra* 206 Ct.Cl. at 723.

In this case plaintiff is claiming "all pay and allowances together with all benefits plaintiff may have been deprived of as a result of not allowing him to reenlist ... as well as reinstatement into the Army at his former grade." (Complaint). Plaintiff is not claiming any entitlement for services

actually rendered. Plaintiff is essentially requesting the court to act affirmatively to order defendant to permit plaintiff's reenlistment. Incident to such an order plaintiff requests the pay and allowances which he would have received if he had been permitted to reenlist. Therefore, it is clear that the primary relief plaintiff is seeking is nonmonetary in nature and such a claim is outside the jurisdiction of this court. *See King v. United States, supra; Austin v. United States, supra,* 206 Ct.Cl. at 723–24.

■ There are additional reasons for denying the relief sought by plaintiff. It is well established that an enlisted man has no right to reenlist when his previous enlistment period ends unless a statute creates such a right to reenlist. *See Thompson v. United States,* 221 Ct.Cl. 983 (1979),[3] *Austin v. United States, supra,* 206 Ct.Cl. at 724. *See also Maier v. Verne Orr,* 754 F.2d 973, 983 (Fed.Cir. February 4, 1985). Absent such a right to reenlist it follows, as this court's predecessor established, that an enlisted man's entitlement to pay and other allowances ends upon the termination of his enlistment period. *See Austin v. United States, supra,* 206 Ct.Cl. at 723–24 and cases cited therein. In cases in which an enlisted man has been discharged improperly either due to a gross procedural or constitutional irregularity the Court of Claims limited the plaintiff's recovery to the pay he would have received from the date of the illegal discharge until the end of his then current enlistment period. *Id.* 206 Ct.Cl. at 723–24. *See also Cason v. United States,* 200 Ct.Cl. 424, 431, 471 F.2d 1225, 1229 (1973).

■ In this case plaintiff neither alleges that he was removed from active status prior to the termination of his enlistment period nor that he was denied any pay or allowances from that period. The materials before the court indicate that plaintiff was transferred to the Retired Reserve at the end of his then current enlistment period. Therefore, absent a statute granting plaintiff a right to reenlist, plaintiff's entitlement to pay and allowances ended when his term of enlistment expired. Without any entitlement to money, plaintiff has no claim cognizable in this court. Plaintiff cites no statute and the court finds none which supports his claim for military pay. *See United States v. Larionoff,* 431 U.S. 864, 869, 97 S.Ct. 2150, 2154, 53 L.Ed.2d 48 (1977) (right to receive military pay is grounded in statutory law). Absent a monetary claim or a statutory basis therefor, this court lacks subject matter jurisdiction to consider plaintiff's claim.[4]

3. The facts of *Thompson v. United States,* 221 Ct.Cl. 983 (1979) are closely analogous to the facts in this case. The plaintiff in *Thompson* had served over 18 years in the Marine Corps. He was refused reenlistment and discharged. Thompson, like plaintiff in this case, did not allege that he was discharged prior to the expiration of his enlistment period. Thompson claimed that the refusal to reenlist him was wrongful and he sued for back pay. The Court of Claims, citing *Austin v. United States,* 206 Ct.Cl. 719, *cert. denied* 423 U.S. 911, 96 S.Ct. 215, 46 L.Ed.2d 140 (1975), found that it had no subject matter jurisdiction over claims for refusal of reenlistment and the petition was dismissed.

4. Having dismissed plaintiff's complaint on jurisdictional grounds the court finds it unnecessary to address at length the parties' cross-motions for summary judgment. However, after reviewing the arguments of both parties, the decision of the ABCMR, and the administrative record submitted in this case, the court does *not* find the decision of the ABCMR to be arbitrary, capricious, contrary to law or unsupported by substantial evidence which plaintiff must establish to obtain relief from the ABCMR's decision. *See Crispino v. United States,* 3 Cl.Ct. 306, 312 (1983); *Sanders v. United States,* 219 Ct.Cl. 285, 298, 594 F.2d 804, 811 (1979). To the contrary, the court's review of the submitted record supports a conclusion that the ABCMR thoroughly considered plaintiff's case and arrived at a fair decision based on a great deal of evidence and input. Generally, the court's review of an ABCMR decision is limited. *See Sanders v. United States,* 219 Ct.Cl. 285, 298, 594 F.2d 804, 811 (1979). There is nothing in the record before the court which would justify the court in substituting its judgment for that of the Board on the matter. While plaintiff requests a trial on the matter, the court observes that cases such as this are generally disposed of on the basis of the record underscoring the administrative decision. Plaintiff has not alleged anything which

## III.

Based upon the above reasoning, the court concludes that it lacks jurisdiction over plaintiff's claim and therefore the court denies plaintiff's cross-motion for summary judgment, grants defendant's motion to dismiss, with plaintiff's complaint to be dismissed.

would justify departure from this salutary procedure. Even if this were not the case, based on the fact that plaintiff has the substantial burden of showing that the military reenlistment determination was arbitrary, capricious or contrary to applicable law or regulations, and the court's view that it is very unlikely that plaintiff can meet such a burden, the court fails to see any realistic possibility that a trial on this matter would, or even might, establish facts which would aid plaintiff. In the court's view, any such trial, as requested by plaintiff as an alternative last resort, would waste the resources of the parties and the court. *See Frangella Mushroom Farms, Inc. v. United States,* 229 Ct.Cl. 578, 583 (1981).