**INDUSTRIAL COATINGS, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 170–86C.**

United States Claims Court.

Oct. 31, 1986.

John R. Tolle, Vienna, Va., for plaintiff.

David B. Stinson, with whom were Asst. Atty. Gen. Richard K. Willard, David M. Cohen, and Thomas W. Petersen, Wash-

ington, D.C., for defendant. Ronald A. Schechter, of counsel.

## OPINION

BRUGGINK, Judge.

Pending before the court is defendant's motion to dismiss for lack of jurisdiction. Upon consideration of the pleadings and written argument of the parties, and in light of the applicable law, the court concludes that the action should be dismissed without prejudice.

## STATEMENT OF THE CASE

On September 7, 1984, the parties entered into a contract which required plaintiff to reroof 292,000 square feet on four buildings at Red River Depot, a facility operated by the Department of Defense. The complaint alleges that the contract contemplated the removal of existing roofs and installation of single ply membranes by drilling holes into the concrete roof slabs. According to plaintiff, the drawings and specifications furnished by the government neither evidenced the presence of any steel reinforcing within the two inch-thick concrete slabs nor anticipated the likelihood of "spalling," that is, the breaking of the underside of the slabs.

Plaintiff alleges that while drilling holes for the membrane fasteners, the slabs spalled, and concrete fell into the building work areas within the depot. Additionally, further difficulties were encountered during the drilling which, according to plaintiff, were a result of the unforeseen presence of reinforcing steel in the concrete which caused drill bit breakage and necessitated the drilling of additional fastener holes.

Apparently plaintiff ceased work on the contract, and on March 14, 1985, the contracting officer sent the plaintiff a telegram terminating the contract for default. On March 15, the contracting officer sent a letter confirming the default termination, stating that the contractor had abandoned the project and had failed to proceed with the remaining work in a timely fashion.

The letter further stated that the termination was taken pursuant to the contract default clause; that the plaintiff would be held liable for any damages incurred in completing the contract; and that the letter represented the contracting officer's "final decision" for purposes of appeal.

By letter dated August 12, 1985, and addressed to the contracting officer, the plaintiff proposed that the contract either be amended to provide for an alternative roofing system or that the default termination be converted into one for the convenience of the government. On August 21, 1985, the contracting officer affirmed the decision of March 15th and rejected plaintiff's proposal. He further stated that his letter constituted a "final decision" for purposes of appeal.

## DISCUSSION

Plaintiff filed suit on March 14, 1986, pursuant to the Contract Disputes Act, 41 U.S.C. §§ 601–13 (1982) ("CDA"). In the complaint, plaintiff asks for relief from the March 15 and August 21 letters "wrongfully terminat[ing] the contract for default," and for damages "in excess of $200,000" due to wrongful termination of the contract. In its motion to dismiss, defendant maintains that the court lacks subject matter jurisdiction over both aspects of the complaint. First, it argues that the court lacks jurisdiction over plaintiff's monetary claim because it has not been submitted to the contracting officer as required by section 605(a) of the CDA. Secondly, defendant asserts that plaintiff's attempt to reverse the termination for default, standing alone, constitutes a request for declaratory relief, over which this court does not have jurisdiction.

Plaintiff concedes in its opposition to defendant's motion that "the court has no jurisdiction over its breach of contract claim for monetary relief" since no claim has been submitted to the contracting officer for a final decision. However, plaintiff contends that the issue of whether the contract was wrongfully terminated for de-

fault is properly before the court apart from any claim for money damages.

There is no question that the monetary relief sought in the complaint is directly related to the plaintiff's attempt to appeal the March 15 and August 29 decisions. If the plaintiff succeeds in reversing the decision to terminate for default, then plaintiff could potentially recover damages. This connection is made clear by the complaint:

> By letter decisions dated March 15, 1985, and August 21, 1985, the contracting officer wrongfully terminated the contract for default. ... *As a result,* Industrial Coatings has suffered damages in excess of $200,000 from the government's breach of contract, including the severe and consequent impairment of this contractor's bonding capacity.

Complaint ¶ 9 (emphasis added). In view of plaintiff's failure to previously certify a claim for monetary relief to the contracting officer, and its concession that it is presently not entitled to seek damages here, what remains of the complaint is merely a request for a declaration that the defendant erred in terminating for default.

This court's jurisdictional statute, 28 U.S.C. § 1491 (1982), has been construed to limit jurisdiction to suits in which a plaintiff asserts a substantive right enforceable against the United States for money damages. *United States v. Testan,* 424 U.S. 392, 397–99, 96 S.Ct. 948, 952–54, 47 L.Ed.2d 114 (1976); *United States v. King,* 395 U.S. 1, 3–4, 89 S.Ct. 1501, 1502–1503, 23 L.Ed.2d 52 (1969). This court does not have general jurisdiction to grant declaratory relief unless it is coupled with and subordinate to a monetary claim. *Austin v. United States,* 206 Ct.Cl. 719, 723, *cert. denied,* 423 U.S. 911, 96 S.Ct. 215, 46 L.Ed.2d 140 (1975); *McEniry v. United States,* 7 Cl.Ct. 622, 625 (1985).

The CDA amended this court's jurisdictional statute, 28 U.S.C. § 1491 (1982), by granting "jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under the act." 28 U.S.C. § 1491(a)(2). We have held, however, that this language does not implicitly authorize issuance of declaratory judgments. In *Haynes Construction v. United States,* 10 Cl.Ct. 526, 528 (1986), and *Williams International Corp. v. United States,* 7 Cl.Ct. 726, 729–30 (1985), the legislative history of the CDA was examined. Those decisions point out that Congress considered expanding this court's authority to grant declaratory relief but ultimately decided not to do so.

An expansion of this court's jurisdiction would require a waiver of sovereign immunity, *Fidelity Construction Co. v. United States,* 700 F.2d 1379, 1384 (Fed. Cir.1983), and such a waiver "cannot be implied but must be unequivocally expressed." *King,* 395 U.S. at 4, 89 S.Ct. at 1503. *See also Williams,* 7 Cl.Ct. at 730. Since section 1491(a)(2) does not explicitly give this court power to grant declaratory relief, and in view of *Haynes* and *Williams,* the court concludes that it does not have authority to render purely declaratory relief.

Plaintiff argues in its opposition to the motion to dismiss that *Williams* contains dictum suggesting that this court might have jurisdiction to convert a default termination to a termination for convenience even in the absence of an express claim for money damages. As plaintiff suggests, the decision does contain the following language:

> Plaintiff relies on *Joseph Morton Co. v. United States,* 3 Cl.Ct. 120 (1983), *aff'd,* 757 F.2d 1273 (Fed.Cir.1985), asserting that this court did not question the jurisdictional basis of the contractor's claim in that case even though, plaintiff alleges, the contractor's appeal did not assert any monetary damage claim but merely sought a determination converting a default termination into a termination for convenience. Plaintiff's reliance on this case is misplaced because the contractor's claim in *Morton* was money oriented since the claim for a termination for convenience, if granted, would have mandated a money payment

to the contractor. *See, e.g., Essex Electro Engineers, Inc. v. United States*, 702 F.2d 998, 999 (Fed.Cir.1983).

7 Cl.Ct. at 731.

Nevertheless, the decision goes on to add the following: "In any event, in *Morton* there was a claim for monetary relief since the contractor there sought a termination for convenience 'with a resulting price adjustment.'" *Id.* Moreover, the *Essex Electro* case referred to in *Williams*, while involving an attempt to overturn a default termination, was nevertheless a claim for money damages. 702 F.2d at 999. Certainly none of these decisions stands for the proposition advanced by plaintiff here. Quite the contrary. As indicated above, *Williams* clearly holds that, "the *sine qua non* for jurisdictional purposes in this court is that such actions, claims and disputes be money oriented in some way." 7 Cl.Ct. at 731.

The holding here also follows from our decisions in *Gunn-Williams v. United States*, 6 Cl.Ct. 820 (1984), *motion to vacate denied*, 8 Cl.Ct. 531 (1985), and *Halec Construction Co. v. United States*, 6 Cl.Ct. 439 (1984). *But cf. Z.A.N. Co. v. United States*, 6 Cl.Ct. 298, 303–306 (1984) (suggesting that contracting officer's final decision on default termination is ripe for appeal in this court without claim for money damages). In *Halec*, the contractor requested reversal of the contracting officer's decision to default terminate the contract and sought $153,313.80 in damages. The contractor had failed to properly certify its monetary claim pursuant to 41 U.S.C. § 605(c)(1). In *Gunn-Williams*, also, the contractor challenged the validity of the termination for default, but had failed to submit a claim for damages to the contracting officer. In essence, both cases held that the contractor cannot appeal merely a default termination. Rather, the contractor must submit a proper claim seeking to convert the default termination into one for convenience and to recover damages, because "the monetary damage claim is inseparable from the claim that the default was improper." 6 Cl.Ct. at 440.

Here, the plaintiff had requested a conversion of the default termination from the contracting officer but failed to join it with a claim for damages. The court concludes that to permit plaintiff to thus separate the liability from the damage element of its claim would "uncouple the engine from the train ... [and] would foreclose the contracting officer from reviewing the plaintiff's claim in its entirety," *Gunn-Williams*, 6 Cl.Ct. at 824.

## CONCLUSION

Based upon the above reasoning, the court concludes that it lacks jurisdiction over plaintiff's complaint and therefore grants defendant's motion to dismiss without prejudice to the appeal of plaintiff's entire claim after a final decision by the contracting officer. The clerk is directed to dismiss the complaint.