This case is before the court on defendant’s motion to dismiss. After careful consideration of the parties’ submissions and without oral argument, we grant the defendant’s motion.
*627 Plaintiff, White Plains Iron Works, Inc., entered into a contract with the United States Postal Service (USPS) on September 15, 1977, to furnish, install, and modify walkways at the New York Bulk and Foreign Mail Center. Plaintiff alleged various breaches of the contract and filed an administrative claim with the USPS for over $50,000 on November 27, 1980. The letter accompanying the claim read in pertinent part:
We should like to file our suit in the United States Court of Claims in either January or February 1981 if by that time we are unable to negotiate a settlement.
By April 1981 the USPS had not acknowledged receipt of the claim nor acted upon it. Plaintiff had made an oral effort to find out about the claim’s status but had been unable to get any results. On April 13,1981, plaintiff filed a petition with this court concerning the claims. Two days later, on April 15, the plaintiff filed a certification of its claims. Defendant has brought a motion to dismiss plaintiffs claim for failure to exhaust administrative remedies.
Both sides argue whether plaintiff has made a timely election under the Contract Disputes Act, 41 U.S.C. § 601 et seq. (Supp. II 1978). We need not decide that issue at this time.[1] As of the date plaintiff filed its petition with this court, plaintiff had not received and, as far as we know, still has not received a contracting officer’s decision. Such a decision is a prerequisite to this court’s jurisdiction under either the Contract Disputes Act or under the contract itself. We therefore hold we do not have jurisdiction at this time.
If the plaintiff has not made a timely election under the Contract Disputes Act, any appeal it may have must fall within the rules set out in the disputes clause of its contract. The contract provides:
3. DISPUTES
(a) Except as otherwise provided in this contract, any dispute concerning a question of fact arising under this contract which is not disposed of by agreement shall be decided by the Contracting Officer, who shall reduce his *628 decision to writing and mail or otherwise furnish a copy thereof to the Contractor. The decision of the Contracting Officer shall be final and conclusive unless, within thirty (30) days from the date of receipt of such copy, the Contractor mails or othewise furnishes to the Contracting Officer a written appeal addressed to the Postmaster General. The decision of the Postmaster General or his duly authorized representative for the determination of such appeals shall be final and conclusive unless determined by a court of competent jurisdiction to have been fraudulent, or capricious, or arbitrary, or so grossly erroneous as necessarily to imply bad faith, or not supported by substantial evidence. In connection with any appeal proceeding under this clause, the Contractor shall be afforded an opportunity to be heard and to offer evidence in support of his appeal. Pending final decision of a dispute hereunder, the Contractor shall proceed diligently with the performance of the contract and in accordance with the Contracting Officer’s decision * * *.
Thus under the contract itself the plaintiff must exhaust all administrative remedies before it may seek review in this court. The plaintiff clearly has not done so.
If the plaintiff has made a timely election under the Contract Disputes Act, it need not follow the procedure set out in the disputes clause. 41 U.S.C. § 609. It must, however, follow the procedures in 41 U.S.C. §609. Section 609 requires a contracting officer’s decision before a suit may be commenced. It provides:
Judicial review of board decisions — Actions in United States Court of Claims; district court actions; time for filing
(a)(1) Except as provided in paragraph (2), and in lieu of appealing the decision of the contracting officer under section 605 of this title to an agency board, a contractor may bring an action directly on the claim in the United States Court of Claims, notwithstanding any contract provision, regulation, or rule of law to the contrary.
*****
(3) Any action under paragraph (1) or (2) shall be filed within twelve months from the date of the receipt by the contractor of the decision of the contracting officer concerning the claim, and shall proceed de novo in accordance with the rules of the appropriate court.
*629 As we said in Paragon Energy Corp. v. United States, 227 Ct. Cl. 176, 177, 645 F. 2d 966, 967 (1981):
[T]he linchpin for appealing claims under the Contract Disputes Act is the contracting officer’s "decision”. No appeal, whether under 41 U.S.C. §606 *** to the agency board of contract appeals or to this court under §609, may be taken without such a "decision”. * * *
Since no contracting officer’s decision has been made, the plaintiff cannot yet commence suit in this court under the Contract Disputes Act.
We recognize plaintiff did file a certification of its claims subsequent to the filing of a petition in this court. Section 605 of the Contract Disputes Act provides:
(c)(1) A contracting officer shall issue a decision on any submitted claim of $50,000 or less within sixty days from his receipt of a written request from the contractor that a decision be rendered within that period. For claims of more than $50,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable.
(2) A contracting officer shall, within sixty days of receipt of a submitted certified claim over $50,000—
(A) issue a decision; or
(B) notify the contractor of the time within which a decision will be issued.
* * * * *
(5) Any failure by the contracting officer to issue a decision on a contract claim within the period required will be deemed to be a decision by the contracting officer denying the claim and will authorize the commencement of the appeal or suit on the claim as otherwise provided in this chapter. However, in the event an appeal or suit is so commenced in the absence of a prior decision by the contracting officer, the tribunal concerned may, at its option, stay the proceedings to obtain a decision on the claim by the contracting officer.
Under ordinary circumstances the contracting officer would therefore be obligated by law to act within 60 days of certification. In the present circumstances, however, since a *630 suit was commenced prior to certification, the contracting officer may not have known whether or not he was still under an obligation to act. Under these circumstances we deem the 60-day period to commence upon our dismissal of the suit as untimely and its remand to the contracting officer.[2] There are many claims raised by the plaintiff and the contracting officer may be able to settle some of them without further dispute.
it is therefore ordered that defendant’s motion to dismiss be and is hereby allowed. The petition is hereby dismissed without prejudice.

 The parties also argue whether certification was made at a proper time. We also do not decide this issue at this time.

 We note that if the Contract Disputes Act is applicable this court has the power to stay proceedings until a contracting officer’s decision is reached. 41 U.S.C. §605(c)5.