This contract case comes before the court on defendant’s motion to dismiss.[1] Pursuant to the Contract Disputes Act of 1978, 41 U.S.C. §§601-613 (Supp. Ill 1979), plaintiff seeks to recover an amount in excess of $60,000 allegedly owed plaintiff under its contract to perform services as a roofing consultant for the General Services Administration. The Government, in turn, contends that plaintiffs petition should be dismissed because it was filed prematurely, to the extent that it was filed before a final decision of the contracting officer had issued.
We disagree with the Government’s position and therefore deny its motion to dismiss. Plaintiff has alleged that it formally submitted its claim to the contracting officer on or about September 10, 1980 and again on or about April 15, 1981, but in neither instance did the contracting officer render a decision. Plaintiff then wrote the General Services Administration Board of Contract Appeals (gsabca) regarding the status of its claim. In response, on October 30, 1981, the gsabca ordered the contracting officer to issue a decision within 60 days. The gsabca order also advised that "failure by the contracting officer to issue a decision within the applicable deadline will be deemed to be a denial of the claim.”
Plaintiff filed its "direct access” suit in this court on November 4, 1981, well before the 60-day limit had passed *830 and therefore technically premature. Nonetheless, in view of the efforts made by plaintiff to obtain a contracting officer’s decision, we decline to dismiss its petition at this time. In so deciding, we rely on 41 U.S.C. §605(c)(5), which provides:
(5) Any failure by the contracting officer to issue a decision on a contract claim within the period required will be deemed to be a decision by the contracting officer denying the claim and will authorize the commencement of the appeal or suit on the claim as otherwise provided in this chapter. However, in the event an appeal or suit is so commenced in the absence of a prior decision by the contracting officer, the tribunal concerned may, at its option, stay the proceedings to obtain a decision on the claim by the contracting officer. (Emphasis added.)
Although the Government contends that our decision in White Plains Iron Works, Inc. v. United States, 229 Ct. Cl. 626 (1981), dictates that plaintiffs suit in the case at bar be dismissed, we note that the White Plains decision itself recognized this court’s statutory power to stay proceedings until a contracting officer’s decision is reached. On the facts before us, we conclude that such a stay is appropriate.
Accordingly, after consideration of the submissions of the parties, without oral argument of' counsel, defendant’s motion to dismiss is denied. This cause is hereby suspended for 30 days in order to give plaintiff the opportunity to file an amended pleading indicating that a decision of the contracting officer has issued.
On April 20,1982 plaintiff filed an amended petition.

 Although entitled a motion for summary judgment, defendant’s motion refers to Court of Claims Rule 102 (Dismissal of Actions), requests the court to "grant its motion to dismiss,” and thus is treated as a motion to dismiss for purposes of this order.