**CHRISTIAN APPALACHIAN PROJECT, INC.**

v.

**The UNITED STATES.**

No. 752–85C.

United States Claims Court.

Aug. 13, 1986.

Edward A. Stumpp, Lexington, Ky., for plaintiff.

Sylvia Ford Brown, with whom were Asst. Attys. Gen. Richard K. Willard, David M. Cohen, and Thomas W. Petersen, Washington, D.C., for defendant.

### ORDER

## ON DEFENDANT'S MOTION TO DISMISS

WHITE, Senior Judge.

The plaintiff, Christian Appalachian Project, Inc., is a Kentucky non-profit corporation. During the period involved in this litigation, the plaintiff was engaged in the business of selling Christmas wreaths at wholesale.

On December 23, 1985, the plaintiff filed in this court a complaint seeking to recover from the defendant damages in the amount of $15,092.96 because of the alleged failure of the Army and Air Force Exchange Service (the Exchange Service) to pay the plaintiff for Christmas wreaths ordered by and delivered to the Exchange Service.

Before filing the complaint, the plaintiff did not submit its claim to the contracting officer of the Exchange Service.

On February 21, 1986, the defendant filed a motion to dismiss the complaint on the ground that the court lacked jurisdiction over the subject matter of the complaint. A brief supporting the motion to dismiss explained the defendant's view that the court lacked jurisdiction because of the plaintiff's failure to submit the claim to, and obtain a decision from, the contracting officer before the plaintiff filed its complaint with the court.

While the defendant's motion to dismiss was pending, the plaintiff on March 4, 1986, submitted its claim to the contracting officer; and on May 13, 1986, the contracting officer denied the claim.

On May 27, 1986, the plaintiff filed a motion for leave to file a "First Amended and Substituted Complaint." No objection to the plaintiff's motion having been filed by the defendant, the motion was allowed and the First Amended and Substituted Complaint was filed on June 17, 1986. The First Amended and Substituted Complaint contained allegations similar to those in the original complaint, plus allegations concerning the submission of the claim to the contracting officer and his adverse decision on the claim.

On June 20, 1986, the defendant filed a motion asking that the court consider its previous motion to dismiss as its response to the plaintiff's First Amended and Substituted Complaint; and the defendant's motion was allowed by the court on June 23, 1986.

The question before the court is whether it has jurisdiction to consider the plaintiff's First Amended and Substituted Complaint.

### Discussion

It is clear that the defendant's motion to dismiss was well founded when the motion was filed.

The original complaint (as well as the First Amended and Substituted Complaint) was filed under the provisions of the Contract Disputes Act (41 U.S.C. §§ 601–613 (1982)). That act provides in part that all claims by a contractor against the Government relating to a contract "shall be in writing and *shall* be submitted to the contracting officer for a decision" (§ 605(a)); that on a claim for $50,000 or less, the contracting officer shall issue a decision within 60 days "from his receipt of a written request from the contractor that a written decision be rendered within that period," and, in any event, that the contracting officer shall render his decision "on submitted claims * * * within a reasonable time, * * * taking into account such factors as the size and complexity of the claim and the adequacy of the information in support of the claim provided by the contractor" (§ 605(c)(1)(3)); and that the contractor may bring an action directly on the claim in this court "within twelve months from the date of the receipt by the contractor *of the decision of the contract-*

*ing officer concerning the claim"* (§ 609). [Emphasis supplied.]

■ Thus, under the plain language of the Contract Disputes Act, a government contractor who wishes to seek monetary relief from this court in connection with the performance of the contract must first submit the claim to the agency contracting officer and receive an opinion from that official.[1] The completion of these steps is a jurisdictional prerequisite to the filing of a complaint relative to the claim in this court. *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed.Cir.1985); *W.M. Schlosser Co. v. United States*, 705 F.2d 1336, 1338 (Fed.Cir.1983); *Skelly & Loy v. United States*, 231 Ct.Cl. 370, 372, 685 F.2d 414, 416 (1982); *W.H. Moseley Co. v. United States*, 230 Ct.Cl. 405, 407, 677 F.2d 850, 852, *cert. denied*, 459 U.S. 836, 103 S.Ct. 81, 74 L.Ed.2d 77 (1982).

The Court of Claims, our predecessor court, said in *Paragon Energy Corp. v. United States*, 227 Ct.Cl. 176, 177, 645 F.2d 966, 967 (1981) that:

> * * * [T]he linchpin for appealing claims under the Contract Disputes Act is the contracting officer's "decision." No appeal * * * to this court [now the Claims Court] under § 609, may be taken without such a "decision." * * *

As this court had no jurisdiction to consider the original complaint, it was, in effect, a nullity. Consequently, the plaintiff's action in later filing a complaint with the contracting officer, and the latter's action in rendering a decision on the claim, did not have the retroactive effect of curing the jurisdictional defect in the original complaint. *Cf. W.M. Schlosser Co. v. United States, supra*, 705 F.2d at 1338.

■ In the present case, however, consideration must be given to the circumstance that, when the plaintiff filed the First Amended and Substituted Complaint, the plaintiff *had* filed its claim with the contracting officer and the contracting officer *had* rendered an adverse decision on the claim.

In situations where the complaint in a contract case has been dismissed because the complaint in this court was filed without the contractor having first filed its claim (properly certified if for more than $50,000) with the contracting officer and obtained a decision from that official, it has been customary for the complaint to be dismissed without prejudice to the right of the contractor to submit the claim to the contracting officer and, after receiving a decision from that official, to file a new complaint on the claim in this court. *Cf. W.M. Schlosser Co., Inc. v. United States, supra*, 705 F.2d at 1340; *Skelly & Loy v. United States, supra*, 231 Ct.Cl. at 378, 685 F.2d at 419; *Parking Company of America, Inc. v. United States*, 5 Cl.Ct. 139, 142 (1984); *Palmer & Sicard, Inc. v. United States*, 4 Cl.Ct. 420, 424 (1984); *Warchol Construction Co. v. United States*, 2 Cl.Ct. 384, 393 (1983).

If, therefore, the court were to dismiss the plaintiff's First Amended and Substituted Complaint, it would do so without prejudice. If the plaintiff were then to prepare a verbatim copy of the present First Amended and Substituted Complaint, only changing the heading to "Complaint," and were to file the copy in the clerk's office, receiving a new court number, the court would clearly have jurisdiction to adjudicate the new complaint. To require the plaintiff to go through such a procedure, when the First Amended and Substituted Complaint has precisely the same indicia of jurisdiction that the new complaint would have, would accomplish nothing of substance, and would cause the plaintiff unnecessary trouble and expense.

It is the court's opinion that it has the same jurisdiction to adjudicate the present First Amended and Substituted Complaint as it would have to adjudicate the new complaint.

---

1. The claim must be properly certified if it is for more than $50,000 (41 U.S.C. § 605(c)(1) (1982)).

### Conclusion

For the reasons previously stated, the court concludes that it has jurisdiction to adjudicate the present First Amended and Substituted Complaint.

The defendant's motion to dismiss is therefore denied.

The defendant's answer shall be filed within 30 days from the date of this order.

IT IS SO ORDERED.