**CLAUDE E. ATKINS ENTERPRISES, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 791–86–C.**

United States Claims Court.

Oct. 28, 1988.

---

Richard D. Corona, San Diego, Cal., for plaintiff.

George M. Beasley, III, with whom were Asst. Atty. Gen. John R. Bolton and David M. Cohen, Washington, D.C., for defendant.

## OPINION

TURNER, Judge.

Plaintiff, a building contractor, seeks relief from the allegedly wrongful default termination of its contract with the Air Force.

In September 1985, the Air Force entered a contract with plaintiff for the renovation of housing at Castle Air Force Base, California. On September 17, 1986, the con-tracting officer rendered a decision terminating for default plaintiff's performance under the contract. No specific government claim for the cost to complete performance of the contract had been submitted to the contracting officer prior to his default termination decision nor was any such government claim for a specific sum submitted to the contracting officer prior to institution of this action.

The Complaint was filed on December 18, 1986, contesting the default termination and asserting that the Air Force had breached the contract. Plaintiff requests that the default termination be converted to a termination for the convenience of the government and that it be awarded damages in the sum of $3,348,073 plus attorney fees.

Plaintiff submitted a certified claim (seeking conversion of the default termination to a determination for the convenience of the government and asserting a right to monetary relief) to the contracting officer substantially simultaneously with the filing of the Complaint; the claim was received by the contracting officer a few days after the Complaint was filed. The contracting officer has not rendered an actual decision.

On March 18, 1988, defendant filed a motion for judgment on the pleadings arguing that this court lacks subject matter jurisdiction in that the monetary claim does not meet jurisdictional prerequisites and that the default termination claim standing alone is a pure equity claim seeking declaratory relief over which this court has no jurisdiction.

This opinion addresses defendant's motion for judgment on the pleadings and supplements the decision rendered from the bench on October 7, 1988 (which will be reflected in a transcript) and memorialized in an order entered October 14, 1988.

I

At the outset, it is worthwhile to note the origins of the separate claims plaintiff is asserting. The contracting officer's default decision was rendered on a govern-

ment claim. (Any such claim may or may not be accompanied by a *separate* government claim for cost to complete a project; in this instance it was not.) *See generally Malone v. United States*, 849 F.2d 1441, 1443–44 (Fed.Cir.1988); *Lisbon Contractors, Inc. v. United States*, 828 F.2d 759, 764–65 (Fed.Cir.1987); *Z.A.N. Co. v. United States*, 6 Cl.Ct. 298, 303–06 (1984). The contractor then submitted a claim to the contracting officer asserting that the termination was for the convenience of the government and further asserting a right to damages resulting from the alleged termination for convenience. The contracting officer has not rendered a decision on this separate contractor claim.

## II

### A. CONTRACTOR'S MONETARY CLAIM

■ It is well established that there are two jurisdictional prerequisites to Claims Court or agency board jurisdiction over contractor claims which, like plaintiff's, exceed $50,000. The claim must be submitted in writing and properly certified to the contracting officer and there must be a decision, actual or deemed, by the contracting officer. 41 U.S.C. § 605; *Rider v. United States*, 7 Cl.Ct. 770, 775 (1985) and cases therein cited.

Plaintiff's certified, written claim was submitted to the contracting officer substantially simultaneously with the filing of the Complaint. Clearly there had been no decision by the contracting officer, either actual or deemed, at the time the Complaint was filed.

Under these circumstances, there was no jurisdiction over plaintiff's monetary claim at the time suit was filed in 1986. *White Plains Iron Works, Inc. v. United States*, 229 Ct.Cl. 626, 629 (1981) ("[s]ince no con-

tracting officer's decision has been made, the plaintiff cannot yet commence suit in this court under the Contract Disputes Act"); *Paragon Energy Corp. v. United States*, 227 Ct.Cl. 176, 177, 645 F.2d 966, 967 (1981) ("the linchpin for appealing claims under the Contract Disputes Act is the contracting officer's 'decision' "; "[n]o appeal ... to the agency board of contract appeals or to this court ... may be taken without such a 'decision' "). The question then arises whether there has occurred a cure of the jurisdictional defect (absence of a contracting officer's decision) while the case has been pending.[1] This question must be answered in the negative.

In *White Plains Iron Works*, 229 Ct.Cl. at 629–30, the Court of Claims, addressing a claim which had not been certified prior to filing of suit, stated:

Under ordinary circumstances the contracting officer would ... be obligated by law to act within 60 days of certification. In the present circumstances, however, since a suit was commenced prior to certification, the contracting officer may not have known whether or not he was still under an obligation to act. Under these circumstances *we deem the 60-day period to commence upon our dismissal of the suit as untimely* and its remand to the contracting officer. [Emphasis added.]

*Cf. Thoen v. United States*, 765 F.2d 1110, 1116 (1985) (claim certification is jurisdictional prerequisite which cannot be cured while suit is pending).

Based on this authority, it is concluded that a claim premature by reason of the absence of a contracting officer's decision thereon cannot ripen into a matured claim while suit is pending merely by the passage of 60 days from receipt of the claim by the contracting officer.[2] Consequently, to the

1. Title 41 U.S.C. § 605(c)(2) provides: "A contracting officer shall, within sixty days of receipt of a submitted certified claim ... issue a decision ... or ... notify the contractor of the time within which a decision will be issued." Section 605(c)(5) adds: "Any failure by the contracting officer to issue a decision on a contract claim within the period required will be deemed to be a decision by the contracting officer deny-

ing the claim and will authorize the commencement of ... suit on the claim...."

2. Another reason asserted by the government for the proposition that, as a matter of law, the 60-day period for a contracting officer's decision cannot be deemed to run while litigation is pending on the same claim is that, pursuant to 28 U.S.C. § 516 ("the conduct of litigation in

extent that the Complaint sets forth a claim for specific monetary relief, it must be dismissed without prejudice.

## B. DEFAULT TERMINATION CLAIM

■ The remaining issue is whether this court has jurisdiction over the default termination claim unaccompanied by a monetary claim.

The Federal Circuit has clearly and unequivocally determined that the agency boards of contract appeals have jurisdiction to address a default determination claim unaccompanied by any claim for specific monetary relief. *Malone v. United States,* 849 F.2d 1441, 1444–45 (Fed.Cir.1988) ("we hold that the [agency board] had jurisdiction to consider the validity of [the contractor's] default termination apart from any monetary claim by either [the contractor] or the government relating to the termination"). *Accord Johnson & Gordon Sec., Inc. v. General Serv. Admin.,* 857 F.2d 1435, 1437–38 (Fed.Cir.1988).

Jurisdiction of the agency boards and the Claims Court is coextensive with respect to review of decisions of a contracting officer.[3] 41 U.S.C. §§ 603, 606, 607(d), 609(a)(1). Title 41 U.S.C. § 609(a)(1) provides in pertinent part:

[I]n lieu of appealing the decision of the contracting officer ... to an agency board, a contractor may bring an action directly on the claim in the United States Claims Court, notwithstanding any contract provision, regulation, or rule of law to the contrary.

The Tucker Act was amended in 1982 to provide: "The Claims Court shall have jurisdiction to render judgment upon *any* claim by or against, or dispute with, a contractor arising under [41 U.S.C. § 609(a)(1)]." 28 U.S.C. § 1491(a)(2) (emphasis added).

It is concluded, therefore, that this court has jurisdiction over plaintiff's remaining default termination claim even though not now joined with a specific claim for money initiated by the contractor or the government.[4]

which the United States ... is a party ... is reserved to ... the Department of Justice") and Executive Order 6166, § 5, foll. 5 U.S.C. § 901 ("[t]he functions ... of defending claims and demands against the Government ... are transferred to the Department of Justice"; "the function of decision whether and in what manner ... to defend, or to compromise ... or to abandon ... defense ... is transferred to the Department of Justice"), a contracting officer does not have the authority to decide a claim while suit is pending thereon. *But cf.* 41 U.S.C. § 605(c)(5) (under some circumstances, the court may stay proceedings on a contract claim to obtain a contracting officer's actual decision on the same claim). It is not necessary to resolve defendant's contention at this juncture.

3. The sole exception is that the Claims Court has no jurisdiction over claims against the Tennessee Valley Authority. 41 U.S.C. §§ 609(a)(1) & (2), 610. *See also* 28 U.S.C. § 1491(b) ("[n]othing herein shall be construed to give the United States Claims Court jurisdiction of ... any action against ... the Tennessee Valley Authority"). Even this exception relates only to the exclusion of a particular agency, not to the nature of claims which can be addressed or the types of relief that can be granted.

4. There are Claims Court decisions to the contrary, but all were rendered prior to the Federal Circuit's recent definitive opinion in *Malone v. United States,* 849 F.2d 1441, 1444–45 (Fed.Cir. 1988). *See Citizens Associates, Ltd. v. United*

*States,* 12 Cl.Ct. 599, 600–01 (1987); *Industrial Coatings, Inc. v. United States,* 11 Cl.Ct. 161, 162–64 (1986); *Haynes Constr. Sys., Inc. v. United States,* 10 Cl.Ct. 526 (1986); *Gunn–Williams v. United States,* 8 Cl.Ct. 531, 534–35 (1985). *See also Glidden Co. v. Zdanok,* 370 U.S. 530, 557, 82 S.Ct. 1459, 1476, 8 L.Ed.2d 671 (1962); *Austin v. United States,* 206 Ct.Cl. 719, 723, *cert. denied,* 423 U.S. 911, 96 S.Ct. 215, 46 L.Ed.2d 140 (1975); *Eastport S.S. Corp. v. United States,* 178 Ct.Cl. 599, 605, 372 F.2d 1002, 1007 (1969); *Ralcon, Inc. v. United States,* 13 Cl.Ct. 294, 299–300 (1987).

In *United States v. King,* 395 U.S. 1, 3–5, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969), the Supreme Court held that the Court of Claims did not have jurisdiction over a declaratory judgment claim, and that its jurisdiction was limited to claims for damages. However, *King* was decided prior to enactment of the Contract Disputes Act of 1978, 41 U.S.C. § 601–13, and before the 1982 amendment of the Tucker Act, 28 U.S.C. § 1491, which provide for Claims Court jurisdiction over naked default termination claims. *See also Malone,* 849 F.2d at 1444–45 (default termination claims are "money oriented" and "inextricably linked" to monetary claims of both the government and the contractor). The 1982 amendment to the Tucker Act also added the provisions, which now appear at 42 U.S.C. § 1491(a)(3), expressly extending to the Claims Court "jurisdiction to grant declaratory judgments and such equitable and extraordinary re-

### III

Based on the foregoing, defendant's motion for judgment on the pleadings is granted in part and denied in part as follows:

a. To the extent that the complaint sets forth a monetary claim separate from the claim contesting default termination, defendant's motion is granted and, as previously ordered, the Complaint *pro tanto* stands dismissed.

b. To the extent that the Complaint seeks reversal of the contracting officer's default termination decision and a judgment that such default termination be converted to a termination for the convenience of the government, defendant's motion is denied.

`lief as it deems proper, including but not limited    to injunctive relief" in contract bid protest cases.