**CRIPPEN & GRAEN CORPORATION, a California corporation, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 322–88C.**

United States Claims Court.

Sept. 26, 1989.

---

Peter Best Jones, Irvine, Cal., for the plaintiff.

Martha H. DeGraff and Howard Lipper, Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, for the defendant. Captain Peter J. Comodeca, Litigation Atty., U.S. Army, of counsel.

## OPINION

MARGOLIS, Judge.

This contract case against the United States Department of the Army Armament, Munitions and Chemical Command, is before the court on the defendant's motion to dismiss for lack of subject matter jurisdiction. After a careful review of the entire record, and after hearing oral argument, the court has determined that it has jurisdiction to consider the plaintiff's de-

fault termination claim, but does not have jurisdiction over plaintiff's claim based on the contracting officer's demand for the return of unliquidated progress payments. The contracting officer has not issued an appealable final decision relating to that demand. Accordingly, the defendant's motion to dismiss is denied in part and granted in part.

## FACTS

Plaintiff, Crippen & Graen Corporation, was awarded Contract No. DAAA09–86–C–0013 on October 23, 1985, by the U.S. Army Armament, Munitions and Chemical Command, Rock Island, Illinois, to supply "control modules." According to the terms of the contract, the control modules were to be fabricated and tested in accordance with detailed designs and specifications submitted by the Army. The control modules fabricated by the plaintiff did not meet the Army's performance expectations and were rejected.

On June 12, 1987, the contracting officer terminated the plaintiff's contract for failure to meet a first article test delivery date. By letter dated March 22, 1988, the Army requested the refund of unliquidated progress payments made under the contract in the amount of $37,665. The March 22, 1988 letter stated:

If it is your intention to dispute the assessment of this sum, you are invited to submit whatever facts are deemed relevant to the Contracting Officer within 30 days of the receipt of this letter. If no response is received, it will be assumed that you dispute this amount, and *a final decision will be issued* in pursuit of an affirmative government claim.

(Emphasis added).

The plaintiff maintains that it procured and assembled the necessary parts in accordance with the contract and design specifications and that the default is excusable because the Army's design specifications were defective. The plaintiff seeks relief under the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 601–613, and the Tucker Act, 28 U.S.C. § 1491. The plaintiff requests the court to convert the termi-

nation for default into a termination for the convenience of the government and to rule that it is entitled to retain the unliquidated progress payments.

Defendant filed a motion to dismiss contending that the request to convert the default termination into a termination for convenience is in the nature of a declaratory judgment with no claim for money damages tied to it, and as such is beyond the subject matter jurisdiction of the court. The defendant also argues that the court lacks jurisdiction over the plaintiff's claim based on the government's request for the return of unliquidated progress payments because there was no final decision by the contracting officer as required by section 605(a) of the CDA.

## DISCUSSION

### I. *Jurisdiction*

#### A. The Default Termination Claim

■ Until recently, the United States Claims Court held that it did not have jurisdiction to entertain a default termination claim not accompanied by a monetary claim because the court lacks authority to grant post-award declaratory relief. *Industrial Coatings, Inc. v. United States,* 11 Cl.Ct. 161, 164 (1986); *Gunn–Williams v. United States,* 6 Cl.Ct. 820, 824 (1984). In *Malone v. United States,* 849 F.2d 1441, 1445 (Fed.Cir.), *modified,* 857 F.2d 787 (Fed.Cir.1988), however, the United States Court of Appeals for the Federal Circuit ruled that a default termination is a government claim, and that agency boards of contract appeals (BCAs) have jurisdiction under the CDA over default termination claims that are not accompanied by a claim for monetary relief. The Federal Circuit cautioned, however, that "[t]his court has not yet considered, nor does it now consider, the validity of the Claims Court precedent [holding that the court lacks jurisdiction over default terminations]." 849 F.2d at 1444.

In the *Malone* case, the government contended that the contractor's default termination appeal was in the nature of a request for declaratory relief, which the BCA

had no power to grant. The Federal Circuit disagreed and ruled that BCAs have jurisdiction to entertain default termination actions. The *Malone* court articulated several reasons for its decision. Most notably, the court concluded that:

> ... Congress in the CDA actually expanded the BCAs' jurisdiction. Formerly, the BCAs only had jurisdiction to hear disputes concerning contract interpretation, and could not decide breach of contract issues. The CDA, however, broadened the BCAs' jurisdiction to permit those tribunals to hear all disputes relating to a contract, including breach of contract issues.

*Id.* (citing S.Rep. No. 1118, 95th Cong., 2d Sess. 5, 19, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5235, 5239, 5253).

The court also reasoned that challenges to default terminations are "money oriented" because such claims have monetary consequences. *Id.* at 1445. As the court pointed out: "If the default was proper, the contractor is liable for the government's excess reprocurement costs. If the default was improper, the government is liable for the contractor's termination for convenience costs." *Id.* (citing *Z.A.N. Company v. United States,* 6 Cl.Ct. 298, 305 (1984)). Thus, the *Malone* court concluded that default terminations are not purely declaratory in nature but are "inextricably linked to the financial liability of both the government and the contractor." *Id.*

Shortly after the Federal Circuit's *Malone* decision was issued, a series of cases decided by this court held that the Claims Court also has jurisdiction to entertain an action challenging a default termination not accompanied by a monetary claim. *Moser Industrienmontage GmbH v. United States,* slip op. No. 254–88C at 4 (April 24, 1989) (Harkins, S.J.); *R.J. Crowley, Inc. v. United States,* slip op. Nos. 330–87C, 577–87C, 35–88C at 5 (April 14, 1989) (Napier, J.); *Russell Corp. v. United States,* 15 Cl.Ct. 760, 761–62 (1988) (Merow, J.); *Claude E. Atkins Enterprises, Inc. v. United States,* 15 Cl.Ct. 644, 647 (1988) (Turner, J.).

In ruling that the Claims Court has jurisdiction, the court in *Claude E. Atkins* emphasized that the "[j]urisdiction of the agency boards and the Claims Court is coextensive with respect to review of decisions of a contracting officer." *Id.* The court found no basis for distinguishing agency board jurisdiction from Claims Court jurisdiction under the reasoning employed in *Malone* because the CDA provides, "in lieu of appealing the decision of the contracting officer ... to an agency board, a contractor may bring an action directly on the claim in the United States Claims Court, ..." *Id.* (quoting 41 U.S.C. § 609(a)(1)). Thus, the court denied the defendant's motion to dismiss the default termination claim.

The court agrees with the conclusions reached by the judges in *Moser Industrienmontage, R.J. Crowley, Russell Corp.*, and *Claude E. Atkins.* Accordingly, the defendant's motion to dismiss plaintiff's default termination claim for lack of subject matter jurisdiction is denied.

### B. The Government Demand for Return of Unliquidated Progress Payments

■ The defendant asserts that the March 22, 1988 letter to the plaintiff demanding the return of $37,665 in unliquidated progress payments is not reviewable by this court because it was not a final decision. It is well established that a plaintiff cannot bring suit in the Claims Court under sections 605(a) and 609(a)(1) of the CDA unless a final decision was issued by the contracting officer. *Paragon Energy Corp. v. United States*, 227 Ct.Cl. 176, 183–84, 645 F.2d 966, 971 (1981). Thus, the court's jurisdiction is dependent on whether the government's demand for unliquidated progress payments constitutes a final decision within the meaning of sections 605(a) and 609(a)(1). Section 605(a) provides that "[a]ll claims by the government against a contractor relating to a contract shall be the subject of a decision by the contracting officer. The contracting officer shall issue his decisions in writing, and shall mail or otherwise furnish a copy of the decision to the contractor." 41 U.S.C. § 605(a).

The court concludes that the government's letter of March 22, 1988 was not a "final decision" within the meaning of the CDA. The letter invited the plaintiff to submit any facts concerning the dispute and specifically stated that "... a final decision will be issued in pursuit of an affirmative government claim." The clear intent of the letter was to allow the contracting officer to gather and consider all relevant information concerning the dispute in rendering a final decision. As the Court of Claims stated, "the linchpin for appealing claims under the Contract Disputes Act is the contracting officer's 'decision'. No appeal ... to this court ... may be taken without such a 'decision'." *Paragon*, 227 Ct.Cl. at 177, 645 F.2d at 967.

The plaintiff contends that the government's demand for money is tied to the default termination claim and, therefore, the lack of a final decision should not preclude the exercise of jurisdiction. The plaintiff relies on *Nuclear Research Corp. v. United States*, 814 F.2d 647 (Fed.Cir. 1987), where the court held that a contracting officer's demand for the return of unliquidated progress payments was sufficiently dependent on the validity of the contracting officer's decision to terminate the contractor for default to vest jurisdiction in the BCA to review both appeals. *Id.* at 649. The *Nuclear Research* court emphasized, however, that the basis for finding jurisdiction over the combined appeals was that both involved a final decision by the contracting officer. The court stated:

We hold that, in this case, the board had jurisdiction over the appeal from the final decision on the default termination as well as the appeal from the *final decision on the amount of unliquidated progress payments* to be returned.

*Id.* (emphasis added). Thus, the plaintiff's reliance on this case is inapposite.

Although both the default claim and the demand for return of the unliquidated progress payments relate to the same contract, this fact alone does not confer jurisdiction over a contracting officer's demand that does not constitute a final decision.

The plaintiff is correct in suggesting that the validity of the default may impact the final decision for return of the unliquidated progress payments, as the analysis in *Nuclear Research* indicates. However, the "money oriented" consequences of a decision on the validity of the default termination, as contemplated by the Federal Circuit in *Malone*, 849 F.2d at 1445, relate to potential liability of the contractor for reprocurement costs, or of the government for termination for convenience costs. Thus, the default claim and the demand for return of the unliquidated progress payments are separate and distinct, and may be treated as such now by the court for jurisdictional purposes. *See, e.g., Claude E. Atkins*, 15 Cl.Ct. at 646–47 (dismissing money claim for lack of final decision while retaining jurisdiction over default termination claim). Accordingly, the court lacks jurisdiction to consider the claim relating to the government's demand for the return of unliquidated progress payments.

## CONCLUSION

For the above reasons, the court has concluded that it has jurisdiction to consider plaintiff's default termination claim, but does not have jurisdiction over the plaintiff's claim relating to the government's demand for the return of unliquidated progress payments. Accordingly, the defendant's motion to dismiss for lack of subject matter jurisdiction is denied in part, and granted in part without prejudice.