SCOTT AVIATION, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 90–430C.

United States Claims Court.

July 24, 1990.

James D. Bachman, Washington, D.C., for plaintiff.

Sharon Y. Eubanks, Washington, D.C., with whom was Asst. Atty. Gen., Stuart M. Gerson, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

Plaintiff moved that the court transfer this case to the Armed Services Board of Contract Appeals (ASBCA) pursuant to The Contract Disputes Act, 41 U.S.C. §§ 601–613 (1988). Defendant opposed on the ground that the court lacked jurisdiction over plaintiff's claim. Though defendant has not formally moved to dismiss plaintiff's claims for lack of jurisdiction, the court is free to address jurisdiction *sua sponte* and dismiss a case if jurisdiction is lacking. *Arctic Corner, Inc. v. United States,* 845 F.2d 999, 1000 (Fed.Cir.1988); RUSCC 12(h)(3).

## FACTS

On June 24, 1987, the United States, through the Army Armament, Munitions and Chemical Command at Aberdeen Proving Ground, awarded a contract to plaintiff for production of masks for use in chemical and biological warfare. Soon after the contract award, a series of disputes occurred over design requirements, government-furnished property, approvals, quality assurance requirements, acceptance testing, and delivery schedules. Ultimately, defendant terminated part of plaintiff's contract for default by letters dated May 26, 1989, June 9, 1989, June 27, 1989, and August 1, 1989, based upon alleged failure to meet delivery dates. Plaintiff appealed that pretrial default termination to the ASBCA on August 24, 1989. On January 19, 1990, defendant also terminated plaintiff's production contract for default. Plaintiff appealed this

default termination to the ASBCA on April 18, 1990.

Plaintiff's contract, CDRL Item A017, required delivery of waterline drawings for faceblanks, nosecups, and packaging support forms by March 8, 1989. Modification P00018 extended that delivery date to April 30, 1989. On April 28, 1989 plaintiff submitted six of the eight final waterline drawings required and promised to provide the two remaining drawings by May 24, 1989. On May 8, 1989, Scott received a telefax terminating a portion of the contract for default due to failure to completely meet the delivery schedule, followed by a certified letter of May 15, 1989 from the contracting officer constituting a final decision terminating that portion of the contract for default. On May 16, 1990, plaintiff submitted a termination for convenience claim to the contracting officer in the amount of $176,489.00 seeking compensation for plaintiff's efforts in complying with the terminated portion of the contract. No final decision had been issued on the termination for convenience claim at the time plaintiff filed its complaint in this court on May 18, 1990, seeking the same redress, *i.e.*, that the termination for default be changed to a termination for the convenience of the government and plaintiff awarded the attendant measure of damages.

## DISCUSSION

Plaintiff moved for transfer and consolidation under 41 U.S.C. § 609(d). This section states in relevant part:

> If two or more suits arising from one contract are filed in the United States Claims Court and one or more agency boards, for the convenience of the parties or witnesses or in the interests of justice, the United States Claims Court may order the consolidation of such suits in that court or transfer any suits to or among the agency boards involved.

41 U.S.C. § 609(d). Plaintiff argued in its motion to transfer that the language of section § 609(d) allowed this court to transfer the pending action to the ASBCA for consolidation with plaintiff's other ASBCA default termination claims which arose out of the same contract. While plaintiff is correct in its assessment of consolidation pursuant to 41 U.S.C. § 609(d), the Contract Disputes Act provides that all claims by a contractor against the government relating to a contract "shall be in writing and shall be submitted to the contracting officer for a decision." 41 U.S.C. § 605(a). The contracting officer, within sixty days of receipt of a certified claim over $50,000.00 must then either "issue a decision" or "notify the contractor of the time within which a decision will be issued." 41 U.S.C. § 605(c)(2). If the contracting officer fails to issue a decision or notify the contractor within the sixty-day period, the submitted claim is deemed denied; this deemed denial is considered a final decision of the contracting officer for purposes of the code. "[T]he linchpin for appealing claims under the Contract Disputes Act is the contracting officer's 'decision.' " *Paragon Energy Corp. v. United States*, 645 F.2d 966, 967, 227 Ct.Cl. 176 (1981); *Overall Roofing & Constr., Inc. v. United States*, 20 Cl.Ct. 181, 183 (1990). "The completion of these steps [submitting a certified claim and obtaining a decision on that claim from the contracting officer] is a jurisdictional prerequisite to the filing of a complaint relative to the claim in this court." *Christian Appalachian Project v. United States*, 10 Cl.Ct. 595, 597 (1986) (citations omitted); *see White Plains Iron Works, Inc. v. United States*, 229 Ct.Cl. 626, 629–30 (1981). Plaintiff's certified claim requesting that the termination for default be converted to termination for the convenience of the government, was submitted to the contracting officer on May 16, 1990. There is no evidence that the requisite decision on this claim had actually been made by the time plaintiff filed its complaint in this court on May 18, 1990, and certainly sixty days had not passed. Until the contracting officer issues a final decision on the claim or sixty days pass with no decision constituting a denial of the claim, a plaintiff may not invoke this court's jurisdiction by filing a complaint. *See Christian Appalachian*, 10 Cl.Ct. at 597; *White Plains*, 229 Ct.Cl. at 629–30.

Moreover, jurisdiction over plaintiff's pending complaint will not be remedied by the mere passage of the sixty-day period or by a subsequent final decision of the contracting officer after the filing of a claim in this court. *Mendenhall v. United States*, 20 Cl.Ct. 78, 84 (1990); *Claude E. Atkins Enters. v. United States*, 15 Cl.Ct. 644, 646 (1988). The Claims Court in *Atkins* concluded that "a claim premature by reason of the absence of a contracting officer's decision thereon cannot ripen into a matured claim while suit is pending merely by the passage of 60 days from receipt of the claim by the contracting officer." *Atkins*, 15 Cl.Ct. at 646; *see Mendenhall*, 20 Cl.Ct. at 84. *Atkins* noted that if claims before the court were allowed to ripen without a final decision, the contracting officer would not know whether he was still under an obligation to act or if he could act under 28 U.S.C. § 516, which transfers all conduct in litigation to the Department of Justice. *Atkins*, 15 Cl.Ct. at 646 n. 2. This court agrees with the logic of *Atkins*. If claims were allowed to ripen without a final decision from the contracting officer, it would render the certification requirements of the Contract Disputes Act meaningless. This court lacked jurisdiction at the time plaintiff's claim was filed. *See Conoc Constr. Corp. v. United States*, 3 Cl.Ct. 146, 147 (1983); *see also Crippen and Graen Corp. v. United States*, 18 Cl.Ct. 237, 240–41 (1989). The court lacks jurisdiction now even though sixty days has passed since the filing of a certified claim with the contracting officer. *Mendenhall*, 20 Cl.Ct. at 84; *Atkins*, 15 Cl.Ct. at 646. Plaintiff asserted that the contracting officer's final decision on the default claim dated May 15, 1990 was sufficient to invoke the jurisdiction of the court. The court, however, disagrees. The May 15, 1989 decision brought plaintiff's bare termination for default claim before the court. However, the court has no jurisdiction over bare default claims alone inasmuch as they do not present a claim for monetary damages. *Overall Roofing*, 20 Cl.Ct. at 182–83; *SGW, Inc. v. United States*, 20 Cl.Ct. 174, 177 (1990). The May 16, 1990 certified claim was plaintiff's only claim mandating monetary damages.

## CONCLUSION

For the reasons stated, this court has no jurisdiction over plaintiff's claims. The court could exercise jurisdiction over plaintiff's claims only if plaintiff had done one of the following: (1) waited to file the complaint in the claims court after the contracting officer had issued its final decision, 41 U.S.C. § 605(c)(2); or (2) allowed sixty days to pass for a "deemed denial," and then filed a complaint with this court, 41 U.S.C. § 605(c)(5). Because plaintiff failed to do either, this court is without jurisdiction and will neither address its claims nor transfer them to the ASBCA. Accordingly, the Clerk of the Court is directed to dismiss plaintiff's complaint without prejudice. No Costs.

IT IS SO ORDERED.