**Andrew H. COX, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 91–1371C.**

United States Claims Court.

May 7, 1992.

Lee T. Tarvin, Indianapolis, Ind., for plaintiff.

Scott E. Ray, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction. For the reasons set forth below, the court grants defendant's motion.

## FACTS

In April 1989, plaintiff entered into a six-month contract with the Federal Bureau of Investigation (FBI) to provide his expertise in public finance matters to an undercover investigation of various Indiana public officials. Plaintiff rendered the contracted-for services and was paid. In October 1989, plaintiff and the FBI entered into a second six-month contract for the same services. Again, plaintiff performed and was compensated.

Defendant awarded plaintiff a third six-month contract in April 1989, but after two months modified the contract. The modification reduced plaintiff's compensation by one-half.[1] Plaintiff alleged that an unidentified FBI agent agreed to provide plaintiff with additional duties which would allow plaintiff to earn as much he had under the earlier contracts. Though plaintiff performed as agreed, he was never paid for the additional part-time work.

Plaintiff, without first filing a claim with the contracting officer, filed a claim in this court seeking payment for the additional part-time work. On January 16, 1992, defendant moved to dismiss the complaint for lack of subject matter jurisdiction. Plaintiff responded, but the response was returned unfiled on February 24, 1992, because it was not signed by the attorney of record. No response to defendant's motion has been submitted by plaintiff.

## DISCUSSION

Although plaintiff has neglected to file a response, the court may still render a decision on the merits of defendant's motion. See, *e.g., Hunt v. United States,* 229 Ct.Cl. 468 (1981), where court decided a motion to dismiss despite plaintiff's failure to respond.

This court's jurisdiction is defined by the Tucker Act, 28 U.S.C. § 1491 (1988). The Tucker Act alone does not create a substantive right to recover money, but instead waives sovereign immunity under specific conditions. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). For this court to exercise jurisdiction over plaintiff's claim, the claim must be predicated on a constitutional provision, statute, executive department regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (1988). Plaintiff's complaint is based on an alleged breach of contract by the FBI; thus, the only question for the court to decide is whether plaintiff complied with the jurisdictional prerequisites of the Contracts Disputes Act (CDA), 41 U.S.C. §§ 601–613 (1988).

The CDA states that all "claims by a contractor shall be in writing and shall be submitted to the contracting officer for a [final] decision." 41 U.S.C. § 605(a); *Dawco Constr., Inc. v. United States,* 930 F.2d 872 (Fed.Cir.1991). The requirements of the CDA are mandatory jurisdictional prerequisites. *White Plains Iron Works, Inc. v. United States,* 229 Ct.Cl. 626, 629–30 (1981); *Overall Roofing & Constr., Inc. v. United States,* 20 Cl.Ct. 181, 183 (1990), *aff'd,* 929 F.2d 687 (Fed.Cir.1991). Since plaintiff did not submit a written claim to the contracting officer before filing suit in this court, the court lacks jurisdiction over plaintiff's complaint.

## CONCLUSION

The court lacks jurisdiction over plaintiff's breach-of-contract claim because

---

**1.** Under the earlier contracts, plaintiff was paid $4,000 per month.

plaintiff did not submit a written claim to the contracting officer before filing suit in this court. Defendant's motion to dismiss is granted, without prejudice. Had plaintiff perfected jurisdiction, the court would have dismissed the complaint for failure to prosecute its claim under RUSCC 41(b). The Clerk of the court is directed to dismiss the complaint without prejudice. No costs.

IT IS SO ORDERED.