**SITCO GENERAL TRADING AND CONTRACTING CO., W.W.L., a Kuwait Corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 08–603C.

United States Court of Federal Claims.

June 22, 2009.

507

James J. Harrington, New York City, for plaintiff.

Maame A.F. Ewusi–Mensah, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., for defendant.

## OPINION AND ORDER

HODGES, Judge.

The United States Army contracted with plaintiff for construction of concrete barriers on-site at Camp Taji, Iraq. At the conclusion of the contract, the Army ordered the deconstruction of SITCO's temporary concrete factory. Plaintiff alleges that the Army denied SITCO's representative access to the base during the deconstruction, causing plaintiff $31 million in damages. The Government moved to dismiss SITCO's complaint for lack of jurisdiction. Because plaintiff did not exhaust its administrative remedies before coming to court, we rule for defendant.

## BACKGROUND

The Army contracted with SITCO for the production of concrete barriers in Iraq in June 2004. The contract price was approximately $3.5 million. Plaintiff transported its "ready mix factory" to Camp Taji, Iraq, to fulfill its obligations under the contract. Compl. ¶ 6. The Army arranged for removal of the temporary SITCO factory at contract completion.

Plaintiff alleges that SITCO representatives were denied access to Camp Taji during the deconstruction process. Without supervision, the factory was left in an "unusable condition," according to SITCO. Compl. ¶ 11. Plaintiff claims that this denial of access cost SITCO $31 million in damages. The Government moved to dismiss for lack of jurisdiction because plaintiff did not file a claim with the contracting officer as required by the Contracts Dispute Act. *See* 41 U.S.C. § 602(a) (2000).

## DISCUSSION

We have "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States ... not sounding in tort." 28 U.S.C. § 1491(a)(1) (2006). The Contracts Dispute Act authorizes this court to adjudicate claims for monetary damages arising from disputes regarding any express or implied government contract for the procurement of goods or services. *See* 41 U.S.C. § 602(a).

■■■ Plaintiff must establish jurisdiction by a preponderance of the evidence. *Sarang Corp. v. United States,* 76 Fed.Cl. 560, 564 (2007). The court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor" when considering a motion to dismiss for lack of subject matter jurisdiction. *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir. 1995). We may consider any materials the plaintiff attaches to its complaint in ruling on a motion to dismiss. *Pennington Seed, Inc.*

*v. Produce Exchange No. 299,* 457 F.3d 1334, 1342 n. 6 (Fed.Cir.2006).

■■■ A plaintiff must exhaust the administrative remedies available under the CDA[1] by submitting a claim to and seeking a final decision from the contracting officer before filing suit. *Sarang,* 76 Fed.Cl. at 564. The Federal Circuit has "enforced the strict limits of the CDA as jurisdictional prerequisites." *England v. The Swanson Group, Inc.,* 353 F.3d 1375, 1379 (Fed.Cir.2004). This court's jurisdiction over a CDA claim "is lacking unless the contractor's claim is first presented to the contracting officer and that officer renders a final decision on the claim." *Id.* Thus, we hear CDA claims only after final decisions by contracting officers.

■ A claim is "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." 48 C.F.R. § 2.101 (2009). While a claim need not use particular language to satisfy CDA requirements, "the contractor [must] submit in writing to the contracting officer a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim." *Contract Cleaning Maint. Inc. v. United States,* 811 F.2d 586, 592 (Fed.Cir. 1987).

■ A contractor must also certify a claim that exceeds $100,000 in accordance with the CDA. *See* 41 U.S.C. § 605(c)(1) (2000). This certification must assert that the claim is "made in good faith, that the supporting data are accurate and complete to the best of [the contractor's] knowledge and belief, that the amount requested accurately reflects the [amount] for which the contractor believes the government is liable, and that the certifier is duly authorized to certify the claim." 41 U.S.C. § 605(c)(1). The certification requirement cannot be waived. *See United*

---

1. Section 605(a) of the Contract Disputes Act states in part: "All claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision." 41 U.S.C. § 605(a) (2000).

*Sales, Inc. v. United States,* 34 Fed.Cl. 88, 94 (1995).

 Plaintiff contends [2] that the Army's refusal to allow it admission to Camp Taji and the Army's failure to "respond substantively" to SITCO's complaint filed in this court constitute a "final decision from the contracting officer." Suarez Aff. ¶ 13. The Government argues that the court does not have jurisdiction to adjudicate this claim because plaintiff did not submit it in writing to the appropriate contracting officer as required by the CDA. Moreover, plaintiff did not certify the claim as required for claims of more than $100,000. These are jurisdictional prerequisites. *See* 41 U.S.C. § 605(a); *England,* 353 F.3d at 1379.

SITCO's contract with the Army states that it is governed by the Contract Disputes Act. Plaintiff must show that the contracting officer has rendered a final decision on its claim for this court to have jurisdiction. *See McNutt v. General Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988). Plaintiff did not allege and has not provided evidence suggesting that it submitted a properly certified claim to the contracting officer.

Material attached to the Complaint includes correspondence between Mr. Suarez and Army officials demonstrating Mr. Suarez's difficulties in obtaining permission to return to Camp Taji. Plaintiff contends that the Army's refusal to allow Mr. Suarez to return to Camp Taji to supervise removal of SITCO'S temporary factory constituted a "constructive denial of the within claim." Suarez Aff. ¶ 11. The Army's decision to deny access to Mr. Suarez does not equate to denial of a certified claim to a contracting officer.

 Plaintiff argues in the alternative that the Complaint itself was a claim to the contracting officer. A complaint filed in this court does not seek a decision from the con-

tracting officer or meet the other CDA requirements of a "claim."

## CONCLUSION

This court lacks jurisdiction over SITCO'S complaint because plaintiff did not submit a certified written claim to the contracting officer as required by the Contracts Dispute Act. *See Cox v. United States,* 26 Cl.Ct. 199, 200–01 (1992). Defendant's motion to dismiss is GRANTED. The Clerk of the Court will dismiss plaintiff's complaint without prejudice. No costs.

---

2. Plaintiff's counsel did not file his contentions in a brief, but in the form of an affidavit signed by A. Luis Suarez, President of the International

Division of SITCO General Trading and Contracting Co. We consider Mr. Suarez's sworn statements to be those of plaintiff SITCO.