**PETERSON BUILDERS, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 91–1406C.**

United States Court of Federal Claims.

Jan. 8, 1993.

**444**

Maurice J. Mountain, Barton, Mountain & Tolle, McLean, VA, for plaintiff.

George M. Beasley III, Sr. Trial Counsel, Commercial Litigation Branch, Civil Div., Dept. of Justice, Washington, DC, for defendant.

## ORDER

FUTEY, Judge.

. This matter is before the court on plaintiff's motion for leave to file its first supplemental and amended complaint. Plaintiff seeks to add an amended claim of duress to its complaint and to reduce the amount claimed in the prayer for relief. Defendant opposes the motion only insofar as it seeks to add a claim of duress to the complaint.

### Factual Background

On September 22, 1992, this court entered judgment dismissing a claim of duress, in Count III of plaintiff's original complaint, for failure to present the claim to the contracting officer (CO) as required by the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 601–13 (1988) 26 Cl.Ct. 1227. Plaintiff, on May 15, 1992, submitted the duress claim to the CO requesting a final decision on the issue. The CO informed plaintiff, on July 29, 1992, that the CO lacked authority to issue a decision in the matter. Thereafter, on August 12, 1992, plaintiff moved to amend its complaint to add the duress claim. The amendment asserts:

> PBI hereby reaffirms and realleges the allegations of Paragraphs 1 through 106 and 124 through 130 as if set forth herein. Contract Modification P00011 must be rescinded and the MCM–1 contract restored to a normal CPIF contract without an artificial cost cap because the modification was procured by duress.

Defendant contends that the CO had no power to consider the duress claim which seeks identical relief to the claim of mutual mistake currently before the court. Defendant also argues that the amendment would be futile because plaintiff waived reliance upon the doctrine of duress before the CO.

### Discussion

**A. Deemed Denial Provisions of the CDA**

Plaintiff relies on the 60–day deemed denial provisions of the CDA to bring this amended claim before the court. Pursuant to CDA § 605(c)(5)—

> Any failure by the contracting officer to issue a decision on a contract claim within the period required will be deemed to be a decision by the contracting officer denying the claim and will authorize the commencement of the appeal or suit on

the claim as otherwise provided in this chapter.

Under CDA § 605(c)(2), the CO has 60 days from the receipt of a certified claim to issue a decision or notify the contractor of when a decision will be forthcoming. Accordingly, if a CO fails to do so, the contractor may bring suit directly in the United States Court of Federal Claims.[1] *Boeing Co. v. United States,* 26 Cl.Ct. 529, 534 (1992).

### B. *Attorney General's Authority*

 In order for the 60–day deemed denial provision of the CDA to commence, "the contracting officer had to be obligated to deal with the claim." *Boeing,* 26 Cl.Ct. at 534, *citing White Plains Iron Works, Inc. v. United States,* 229 Ct.Cl. 626, 629–30 (1981). Under 28 U.S.C. § 516 (1988)—

> Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General.

Therefore, if the course of litigation is being pursued by the Attorney General in this court, then the CO is without authority to act on a *related* claim. *Hughes Aircraft Co. v. United States,* 209 Ct.Cl. 446, 465, 534 F.2d 889 (1976). Accordingly, the crux of the matter is whether the duress claim and the claim of mutual mistake are related. If the claim is *not related* then the CO would have been obligated to deal with the claim and the 60–day period would have commenced.

In *Boeing,* the court set forth the relevant test for whether a claim is related:

> [T]he part of the claim that is not subject to litigation can coherently be isolated and dealt with separately as a matter of contract performance.... [T]he court views the presence of the following factors as a presumptive indication that the

administrative process may conflict with litigation: the claims and the complaint arise out of the same circumstances of contract execution or performance; and they require the contracting officer or the court to address *the same asserted basis for recovery, expressed in terms of legal issues or remedies.* If these factors are present, then the concerns of § 516 are implicated, namely, the need for the department of Justice to have exclusive control over negotiation, compromise, and litigation strategy. [Emphasis added.]

26 Cl.Ct. at 535–36. Although plaintiff asserts that its duress claim arises out of different operative facts than its mutual mistake claim, plaintiff admits that both claims seek the same relief, namely, rescission of the contract modification. This is precisely where plaintiff's argument fails. Because these two claims request the same relief, they are related. If the CO rescinded the contract, it would render moot this court's consideration over the mutual mistake claim which also requests rescission. Therefore, action by the CO on the duress claim would interfere with the Attorney General's authority to direct the litigation. Once the related mutual mistake claim was before this court, the CO was divested of authority to act upon plaintiff's duress claim. Therefore, the 60–day period for the CO to render a decision never began to run. The duress claim cannot be deemed denied and is not properly before this court.[2]

### *Conclusion*

For the foregoing reasons, plaintiff's motion for leave to file its first supplemental and amended complaint is DENIED. Plaintiff may file a separate motion requesting to change the amount in the prayer for relief.

---

1. The United States Claims Court was redesignated the United States Court of Federal Claims, effective October 29, 1992, pursuant to the Federal Courts Administration Act of 1992, Pub.L. No. 102–572, 106 Stat. 4506 (1992).

2. Because the court finds that the 60–day period never began to run, it is unnecessary to reach the issue of waiver.